UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **TINA MITCHAM On Behalf of HERSELF**<br>**and All Others Similarly Situated,** | ) |
| | ) |
| | ) **CLASS AND COLLECTIVE** |
| **Plaintiff,** | ) **ACTION** |
| **v.** | ) |
| | ) **CASE NO.** _3:17CV-703-TBR_ |
| **INTREPID U.S.A., INC. and F.C. OF** | ) |
| **KENTUCKY INC., d/b/a INTREPID USA** | ) **JURY TRIAL DEMANDED** |
| **HEALTHCARE SERVICES,** | ) |
| | ) |
| **Defendant.** | ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### INTRODUCTION

1.      Plaintiff, Tina Mitcham, brings this class and collective action lawsuit on behalf of herself and all those similarly situated workers who worked for Defendant Intrepid U.S.A., Inc. and F.C. of Kentucky Inc., d/b/a Intrepid USA Healthcare Services (collectively, "Defendants" or "Intrepid") in Kentucky as home health workers.  This lawsuit seeks to recover unpaid overtime pay owed to these workers under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and under Kentucky state law, Ky. Rev. Stat. Ann. §§ 337.275, *et seq.*

2.      Plaintiff challenges Intrepid's practice of not paying its non-exempt home health workers, such as Licensed Practical Nurses ("LPNs"), overtime pay for all hours worked over forty (40) in a workweek.  Intrepid paid Plaintiff, and those similarly situated home health workers, based on a per visit fee structure for time spent working with patients at their homes and by the hour for meetings and other work.  However, Intrepid's pay practice failed to capture the time Plaintiff and those similarly situated non-exempt home health workers spent performing the following types of work: time spent traveling between patient home visits; transporting

1

samples to labs; delivering medical supplies to patients' homes; completing patient charting and other paperwork from the employee's home after patient's home visit was complete; making phone calls to patients and other healthcare professionals regarding patient care; and answering phone calls from patients.  By not capturing all of this time worked for pay purposes, Intrepid failed to pay Plaintiff and similarly situated workers for all overtime worked at one and one-half times their regular rate pf pay, in violation of the FLSA and Kentucky law.

3.      Intrepid has been sued for the exact same FLSA violations in a previous collective action.  *Paine et al. v. Intrepid U.S.A., Inc.*, 3:14-cv-02005 (M.D. Tenn.) ("*Paine*").  Plaintiff specifically seeks to exclude similarly situated workers who resolved their actions in that prior litigation, or in any other litigation, from those who she seeks to represent pursuant to section216(b) of the FLSA or Rule 23.  Plaintiff's counsel from the Barrett Johnston Martin & Garrison, LLC and Winebrake & Santillo, LLC law firms represented the plaintiffs in the *Paine* action.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff's Kentucky state law claims pursuant to 28 U.S.C. § 1367.

5.      Venue is proper under 28 U.S.C. § 1391 because Defendants operate their businesses in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

6.      Venue in this division is proper, pursuant to Local Rule 3.1(b)(1), because Plaintiff resides in the Louisville Division of the Western District of Kentucky.

## PARTIES

7.      Plaintiff is an individual residing in Hudson, Breckinridge County, Kentucky.

8.      Defendant Intrepid U.S.A., Inc.'s principal place of business is located at 4055 Valley View Lane, 5th Floor, Dallas, Texas, 75244.

9.      Defendant F.C. of Kentucky Inc.'s principal place of business is located at 4055 Valley View Lane, 5th Floor, Dallas, Texas, 75244.  Defendant operates facilities within the Western District of Kentucky, such as its facility located in Leitchfield, Kentucky, during the relevant time period.

10.     Defendant employs individuals who are engaged in interstate commerce and/or in the production of goods for interstate commerce, or who are engaged in handling, receiving, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce.

## FACTS

11.     Plaintiff has worked for Intrepid as a Licensed Practical Nurse ("LPN") since approximately November 2016. Plaintiff is a current employee.

12.     As an LPN for Intrepid, Plaintiff conducts home visits to patients receiving home care from Intrepid. Plaintiff works for Intrepid out of its Leitchfield, Kentucky office providing home health care to its clients.

13.     As an LPN, Plaintiff is responsible for travelling to patients' homes, providing home health care to homebound patients, completing all necessary visit related documentation and other required paperwork, communicating by phone and email with patients and other health care providers, attending meetings as dictated by Intrepid, and performing other duties necessary to perform her job.

14.     Intrepid pays Plaintiff and other home health workers a fee for each patient visit according to a fee schedule.

15.     Intrepid also pays Plaintiff and other home health workers on an hourly basis for time spent attending regular staff meetings, in-service training, and required office time.  The amounts of such payments are tied to the duration of the meetings, trainings and time spent in the office.

16.     Plaintiff and other home health workers often work over 40 hours per week.  For example, Plaintiff often worked 70 hours per week.

17.     Intrepid does not pay Plaintiff and other home health workers overtime premium compensation for hours worked over 40 per week.

18.     By failing to pay proper overtime compensation to Plaintiff and other home health workers, Intrepid has acted knowingly and with reckless disregard of the FLSA.

19.     In 2014, Intrepid was sued by its employees for these exact same FLSA violations.  Nevertheless, Intrepid continued the challenged pay practices at issue in this suit. Because Intrepid was on notice that its pay practices violated the FLSA, it has acted willfully in continuing these illegal pay practices.

## COLLECTIVE ACTION ALLEGATIONS BROUGHT PURSUANT TO 216(b) FAIR LABOR STANDARDS ACT AND KENTUCKY STATE LAW

20.     During the time period covered by the FLSA, Intrepid has employed numerous home health workers that are not exempt from the overtime laws who must be paid overtime when exceeding forty (40) hours of work during any workweek.

21.     For example, LPNs and Physical Therapist Assistants ("PTAs") do not quality for any exemption from the Fair Labor Standards Act overtime laws "because possession of a specialized advanced academic degree is not a standard prerequisite for entry into such

4

occupations…" *See* Fact Sheet #17N: Nurses and the Part 541 Exemption under the Fair Labor

Standards Act (FLSA), Wage and Hour Division of the U.S. Department of Labor.

22.     Plaintiff asserts her FLSA claims pursuant to 29 U.S.C. § 216(b) and pursuant to

Kentucky law, as a collective action on behalf of the following potential Opt-In Plaintiffs:

> All former and current Intrepid home health workers who are not exempt from the
> overtime laws pursuant to the FLSA (*e.g.*, Licensed Practical Nurses, Physical Therapist
> Assistants)  that have been (1) employed at any of Intrepid's Kentucky locations since
> November 22, 2012 to provide in home health care services to patients and (2) paid on a
> fee per visit basis.

23.     Plaintiff does not seek to represent any Intrepid workers who have resolved their

claims in the *Paine* action.  These workers, who resolved their claims in the *Paine* action, are

excluded from this group of similarly situated workers Plaintiff seeks to represent.

24.     Plaintiff desires to pursue her claims on behalf of all individuals who opt into this

action pursuant to 29 U.S.C. § 216(b).

25.     Plaintiff and the potential Opt-In Plaintiffs are "similarly situated" as that term is

defined in 29 U.S.C. § 216(b) because, among other things, Intrepid did not pay Plaintiff or the

potential Opt-In Plaintiffs proper overtime when they worked more than 40 hours in a week.

## CLASS ACTION ALLEGATIONS UNDER KENTUCKY LAW, KY. REV. STAT. ANN. §§ 337.275, *et seq.*, PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23

26.     During the time period covered by the Kentucky state law claims, Intrepid has

employed numerous home health workers that are not exempt from the Kentucky state overtime

laws who must be paid overtime when exceeding forty (40) hours of work during any workweek.

27.     For example, LPNs and Physical Therapist Assistants ("PTAs") do not quality for

any exemption from the Kentucky overtime laws "because their primary duty is not the

performance of work requiring knowledge of an advanced type in a field of science or learning

customarily acquired by a prolonged course of specialized intellectual instruction…" *See* 803 Ky. Admin. Reg. 1:070 § 4.

28.     In addition to her FLSA collective action claims, Plaintiff brings her Kentucky state law claims on her own behalf and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following class of individuals:

> All former and current Intrepid home health workers who are not exempt from the state overtime laws pursuant to the Kentucky Wage Statutes (*e.g.*, Licensed Practical Nurses, Physical Therapist Assistants) that have been (1) employed at any of Intrepid's Kentucky locations since November 22, 2012 to provide in home health care services to patients and (2) paid on a fee per visit basis.

29.     Plaintiff does not seek to represent any Intrepid workers who have resolved their claims in the *Paine* action in this proposed Rule 23 class.  These workers, who resolved their claims in the *Paine* action, are excluded from this proposed class of workers Plaintiff seeks to represent.

30.     Plaintiff is a member of the Rule 23 class she seeks to represent.

31.     Intrepid failed to pay Plaintiff and members of the Rule 23 class for all time worked, including hours over forty (40) in a work week, in violation of Kentucky law.

32.     The Rule 23 class is sufficiently numerous that joinder of all members is impractical, satisfying Federal Rule of Civil Procedure 23(a)(1). Intrepid has employed dozens, if not hundreds, of individuals in Kentucky who have been paid under the same pay policies and practices during the last five years.

33.     All members of the Rule 23 class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). Namely, all members of the Rule 23 class share the questions of: (1) whether Intrepid's pay policies and practices compensated Plaintiff and Rule 23 class members for all hours worked, including overtime hours, as defined

by Kentucky law; and (2) whether Plaintiff and the Rule 23 class members are entitled to overtime for those unpaid hours worked.

34.     The claims of Plaintiff are typical of the claims of the Rule 23 class, thus satisfying Federal Rule of Civil Procedure 23(a)(3). Intrepid's failure to pay for all hours worked was not the result of any Plaintiff-specific circumstances. Rather, it arose from Intrepid's common pay policies, which Intrepid applied generally to Plaintiff and the Rule 23 class.

35.     Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 class. Further, Plaintiff has retained competent counsel experienced in representing classes of employees against their employers related to their employers' failure to pay them properly under the law, thus satisfying Federal Rule of Civil Procedure 23(a)(4).

36.     By failing to pay Plaintiff and similar employees for all hours worked over 40 in a week, Intrepid has created a scenario where questions of law and fact common to the Rule 23 class members predominate over any questions affecting only individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Accordingly, Plaintiff is entitled to pursue their claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## FIRST CAUSE OF ACTION
### (Failure to Pay Overtime in Violation of the Fair Labor Standards Act)

37.     All previous paragraphs are incorporated as though fully set forth herein.

38.     Plaintiff and those she seeks to represent pursuant to 29 U.S.C. § 216(b) are employees of Intrepid who are entitled to the FLSA's protections.

39.     Defendants are employers covered by the FLSA.

40.     The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" their regular rate of pay. *See* 29 U.S.C. § 207.

41.     Intrepid violated the FLSA by failing to pay overtime premium compensation to Plaintiff and similarly situated home health employees.

42.     In violation of the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## SECOND CAUSE OF ACTION
### (Kentucky Overtime Claim, KY. REV. STAT. §§ 337.275, *et seq.* – Asserted Pursuant to Fed. R. Civ. P. 23 on Behalf of the Rule 23 Class)

43.     All previous paragraphs are incorporated as though fully set forth herein.

44.     Plaintiff brings this claim on behalf of all members of the proposed Rule 23 class.

45.     Kentucky state law requires that covered employees be compensated for every hour worked in a workweek. See KY. REV. STAT. §§ 337.275, *et seq.* (hereinafter referred to as the "Kentucky Wage Statutes").

46.     KY. REV. STAT. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

47.     During all times material to this complaint, Intrepid was a covered employer required to comply with the Kentucky Wage Statutes.

48.     During all times material to this complaint Plaintiff and the Rule 23 class were covered employees entitled to the protections of the Kentucky Wage Statutes.

49.     Moreover, Plaintiff and the Rule 23 class are not exempt from receiving the Kentucky Wage Statutes' overtime benefits.  *See* KY. REV. STAT. § 337.285(2).

50.     For example, as LPNs and PTAs, Plaintiff and Rule 23 class members were not exempt from the Kentucky overtime laws "because their primary duty is not the performance of work requiring knowledge of an advanced type in a field of science or learning customarily

8

acquired by a prolonged course of specialized intellectual instruction…" *See* 803 Ky. Admin. Reg. 1:070 § 4.

51.     Intrepid has violated the Kentucky Wage Statutes with respect to Plaintiff and the Rule 23 class by, *inter alia*, failing to compensate them for all hours worked, including overtime hours worked.

52.     By, *inter alia*, implementing the challenged pay scheme in order to circumvent the overtime requirements of the Kentucky Wage Statutes as alleged above, Intrepid acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

53.     Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. § 337.385, because Intrepid failed to pay Plaintiff and the Rule 23 class the required amount of overtime at the statutory rate, it must reimburse them not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

54.     Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. § 337.385, Plaintiffs and the Rule 23 Class are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

### THIRD CAUSE OF ACTION
**(Kentucky Overtime Claim, KY. REV. STAT. §§ 337.275, *et seq.* – Asserted as Supplemental Claims Pursuant to 29 U.S.C. § 216(b) on Behalf of the Collective)**

55.     All previous paragraphs are incorporated as though fully set forth herein.

56.     Plaintiff brings this claim as a supplemental claim to her collective FLSA claims on behalf of herself and all members of the Collective defined above who opt into this action

pursuant to 29 U.S.C. § 216(b). *See O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir. 2009).

57.     Plaintiff specifically asserts this claim both in addition and in the alternative to her Rule 23 class action claims.

58.     Kentucky Wage Statutes require that covered employees be compensated for every hour worked in a workweek.

59.     KY. REV. STAT. § 337.285 requires that employees receive overtime compensation "not less than one and one-half (1-1/2) times" the employee's regular rate of pay for all hours worked over 40 in one workweek.

60.     During all times material to this complaint, Intrepid was a covered employer required to comply with the Kentucky Wage Statutes.

61.     During all times material to this complaint Plaintiffs and the Collective were covered employees entitled to the protections of the Kentucky Wage Statutes.

62.     Plaintiff and the Collective are not exempt from receiving the Kentucky Wage Statutes' overtime benefits. Kentucky Wage Statutes. *See* KY. REV. STAT. § 337.285(2).

63.     For example, as LPNs and PTAs, Plaintiff and Rule 23 class members were not exempt from the Kentucky overtime laws "because their primary duty is not the performance of work requiring knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction…"  *See* 803 Ky. Admin. Reg. 1:070 § 4.

64.     Intrepid has violated the Kentucky Wage Statutes with respect to Plaintiff and the Collective by, *inter alia*, failing to compensate them for all hours including overtime hours worked.

10

65.     By, *inter alia*, implementing the challenged pay scheme in order to circumvent the overtime requirements of the Kentucky Wage Statutes as alleged above, Intrepid acted willfully and with reckless disregard of clearly applicable provisions of the Kentucky Wage Statutes.

66.     Intrepid failed to pay Plaintiff and the Collective the required amount of overtime at the statutory rate and therefore, it must reimburse them not only for the unpaid overtime wages, but also for liquidated damages in an amount equal to the amount of unpaid overtime wages.

67.     Pursuant to the Kentucky Wage Statutes, specifically KY. REV. STAT. § 337.385, Plaintiff and the Collective are entitled to reimbursement of the litigation costs and attorney's fees expended if they are successful in prosecuting an action for unpaid overtime wages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief on behalf of herself and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b) and a class action pursuant to the Kentucky Wage Statutes and Fed. R. Civ. P. 23;

B.    Prompt notice, pursuant to 29 U.S.C. § 216(b), and to Fed. R. Civ. P. 23, of this litigation to all potential members of the class and collective actions;

C.     A declaration that Defendants violated the FLSA and the Kentucky Wage Statutes;

D.     A judgment against Intrepid and in favor of Plaintiff and those she seeks to represent for compensation for all unpaid and underpaid wages that Intrepid failed and refused to pay in violation of the FLSA and in violation of the Kentucky Wage Statutes;

E.     A finding that Defendants' wage and hour violations were willful in violation of the FLSA and the Kentucky Wage Statutes;

F.     Liquidated damages to the fullest extent permitted under the FLSA and under the Kentucky Wage Statutes;

G.     Litigation costs, expenses, and Plaintiff's attorneys' fees to the fullest extent permitted under the FLSA, the Kentucky Wage Statutes, and the Federal Rules of Civil Procedure; and,

H.     Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial as to all claims so triable.

Date: November 22, 2017                    Respectfully submitted,

/s/ J. Chris Sanders
**J. CHRIS SANDERS (KBA # 82663)**
CHRIS SANDERS LAW PLLC
517 West Ormsby Avenue
Louisville, KY 40203
Telephone: (502) 814-0094
csanders@chrissanderslaw.com

**JERRY E. MARTIN (No. 20193)***
**DAVID W. GARRISON (No. 24968)***
BARRETT JOHNSTON
MARTIN & GARRISON LLC
414 Union Street, Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

12

* *Pro Hac Vice* Motions Anticipated

**PETER WINEBRAKE\***
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com

* *Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*