# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM ON BEHALF OF HERSELF AND ALL OTHERS SIMILARLY SITUATED, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 3:17-cv-00703) |
| v. | ) ) | Judge Boom |
| INTREPID U.S.A., INC., AND F.C. OF KENTUCKY, INC., D/B/A INTREPID USA HEALTHCARE SERVICES, | ) ) ) ) | |
| Defendants. | ) ) ) | |

### SETTLEMENT AGREEMENT

Plaintiff Tina Mitcham, on behalf of herself and all Settlement Class Members (as defined in paragraph 1.23), and Defendants Intrepid USA, Inc., and F.C. of Kentucky, Inc., enter into this Settlement Agreement and agree as follows:

### 1. DEFINITIONS

1.1 "Action" or "Litigation" means this case, *Tina Mitcham, et al. v. Intrepid U.S.A.,, Inc., et al.,* Civil Action No. 3:17-cv-00703 (filed November 22, 2017).

1.2 "CAFA Notice" means the notice to be sent by Defendant to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b) ("CAFA"), within ten (10) days after the submission of this Settlement Agreement to the Court.

1.3 "Class Counsel" means David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC, J. Chris Sanders of Chris Sanders Law, PLLC, and Peter Winebrake of Winebrake & Santillo, LLC. "Defense Counsel" means Wendy V. Miller of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

1.4 "Class Representative" means, for purposes of settlement only, Tina Mitcham.

1.5 "Court" means the United States District Court for the Western District of Kentucky, Louisville Division.

1.6 "Fair Labor Standards Act" or "FLSA" means the Fair Labor Standards Act, 29 U.S.C. §§ 201 – 219, as amended by the Portal-to-Portal Act, *id.* §§ 251 – 62 (FLSA).

1.7 "Intrepid," "Company," and "Defendants" means: Intrepid U.S.A., Inc. and F.C. of Kentucky, Inc.

1.8 "Named Plaintiff" means Tina Mitcham, together with her heirs, estates, executors, administrators, assigns, transferees, and representatives.

1.9 "Opt-in Plaintiffs" means the individuals, other than the Named Plaintiff, who timely filed a notice of consent to join this case both prior to and pursuant to the Court's May 30, 2018, Order granting conditional Section 216(b) certification. (*See* Doc. No. 32).

1.10 "Original Class Members" mean the Named Plaintiff and the Opt-In Plaintiffs. A list of these individuals is attached to this Agreement as **Exhibit A**).

1.11 "Original Class Members Settlement Fund" means the money paid by Defendants to the Settlement Claims Administrator to fund the payment of settlement amounts to the Original Class Members other than the Service Award.

1.12 "Parties" means the Named Plaintiff (in her individual and representative capacity), the Settlement Class Members, and Defendants.

1.13 "Preliminary Approval Order" means the Order entered by this Court preliminarily approving the terms of the Agreement with regard to the Rule 23 Class following submission to the Court of a Joint Motion for Order Preliminarily Approving Rule 23 Class Action Settlement and attached as **Exhibit B** as the proposed version to be submitted to the Court.

1.14 The "Rule 23 Final Approval Order" means the Order entered by this Court approving the terms of the Agreement with regard to the Rule 23 Class following submission to the Court of a Joint Motion for Order for Final Approval of Rule 23 Class Action Settlement and attached as **Exhibit D** as the proposed version to be submitted to the Court.

1.15 "Released Claims" means (i) the wage and hour claims, known or unknown, as described in paragraph 7.1, below, and (ii) with respect to the Named Plaintiff, all claims of any kind, as defined in paragraphs 7.1 and 7.2 below.

1.16 "Released Parties" means Intrepid U.S.A., Inc. and F.C. of Kentucky, Inc., their predecessors, successors, present and former affiliates, parents, subsidiaries, insurers, officers, directors, agents, employees, members, shareholders, general partners, limited partners, owners, beneficiaries, representatives, heirs, attorneys, assigns (including without limitation, any

investors, trusts, or other similar or affiliated entities) and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a defendant in the Action.

1.17 "Rule 23 Class" means: All former and current non-exempt home health workers employed by Defendants in the position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Defendants' Kentucky locations from November 22, 2012 to November 13, 2018 to provide in home health care services to patients, who performed 20 or more visits during any week within this time period and who were paid on a fee per visit basis, but excluding any individuals who entered into the settlement in the case, Paine et al. v. Intrepid U.S.A., Inc., No. 3:14-cv-02005 (M.D. Tenn. 2017) ("Class Members") and excluding any individual who joined this Action by filing a consent form pursuant to 216(b) of the Fair Labor Standards Act ("FLSA").

1.18 "Rule 23 Class Members" means the Rule 23 Class excluding any individuals who return a timely and valid written notice of intent to opt-out of the class by the Opt-Out Deadline.

1.19 The "Section 216(b) Approval Order" means the Order entered by this Court approving the terms of the Agreement with regard to the Original Class Members following submission to the Court of a Joint Motion for Order for Approval of Section 216(b) Settlement and attached as **Exhibit C** as the proposed version to be submitted to the Court.

1.20 "Service Award" means the payment made from the Rule 23 Class Members Settlement Fund to Tina Mitcham for her services in bringing, and prosecuting, the Action and as consideration for the Release, as set forth in paragraph 4.5 of the Agreement. The Service Award is subject to the Court's approval, and any amount that is not approved by the Court shall become part of the Net Rule 23 Class Members Settlement Fund.

1.21 "Settlement Award" means the amount of the Net Rule 23 Class Members Settlement Fund calculated under Paragraph __ of this Agreement that would, or will, be paid to each Rule 23 Class Member who timely returns a Settlement Claim Postcard.

1.22 "Settlement Claims Administrator" means RG2 Claims Administration.

1.23 "Settlement Class Members" means the Original Class Members and Rule 23 Class Members.

1.24 "Settlement Effective Date" or "Effective Date" means the first day after the first date on which all of the following have occurred:
(a) this Agreement has been fully executed;
(b) the Court has approved and entered a Section 216(b) Approval Order in all material respects in the form of the attached **Exhibit C** and the Section 216(b) Approval Order is Final (meaning that the time for appeal has expired with no

3

appeal taken, all appeals are resolved and none are left pending, or the order is affirmed in all material respects after completion of the appellate process);

(c) the Court has approved and entered the Rule 23 Preliminary Approval Order in al material respects in the form of the attached **Exhibit B**; and

(d)     the Court has approved and entered the Rule 23 Final Approval Order in all material respects in the form of the attached **Exhibit D** and the Rule 23 Final Approval Order is Final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or the order is affirmed in all material respects after completion of the appellate process).

1.25    "Charity" shall mean the Kentucky Equal Justice Center, 222 South 1st Street, Suite 305, Louisville, KY 40202.

## 2. RECITALS

2.1     The Named Plaintiff has asserted claims against Defendants under the FLSA and Kentucky state law based on the alleged failure to pay overtime compensation to the Named Plaintiff and others allegedly similarly situated, and the Opt-in Plaintiffs have joined this Action as party plaintiffs by signing and filing consent-to-join forms.  Plaintiffs claim that Defendants' timekeeping and pay practices failed to capture all time non-exempt Licensed Practical Nurses, Physical Therapy Assistants, Certified Occupational Therapy Assistants and Home Health Aids working in Kentucky spent travelling during work and charting for patients at home, resulting in these individuals' not receiving all overtime compensation to which they claim to be entitled.  The Named Plaintiff filed the Action as an FLSA collective action and, with respect to state law claims asserted, a Rule 23 class action.  In the Action, Plaintiffs have sought compensation for wages, liquidated damages, litigation costs, expenses, reasonable attorneys' fees, and further relief as the Court may deem just and proper.

2.2     Defendants deny that they have committed any wrongdoing or violated any federal, state or local laws pertaining to payment of wages, and further deny that they are liable or owe back wages or any overtime compensation to anyone with respect to the alleged facts or causes of action asserted in the Litigation.

2.3     During the pendency of this action, Class Counsel conducted extensive written discovery and took a 30(b)(6)deposition of Defendant.  Class Counsel analyzed thousands of time and payroll records to determine the amount of unpaid time potentially at issue.  The Parties engaged in a formal, arms length mediation on November 13, 2018 conducted by an experienced mediator, Michael Russell.

2.4     Class Counsel analyzed and evaluated the merits of the claims made against Defendants in the Litigation, and, based upon their analysis and evaluation of a number of factors, and recognizing the substantial risks of litigation, including the possibility that this case, if not settled now, might not result in any recovery or might result in a recovery less favorable, and that any recovery might not occur for several years, Class Counsel are satisfied the terms and conditions

of this Agreement are fair, reasonable, and adequate, and this Agreement is in the best interests of the Settlement Class Members.

2.5     Without admitting or conceding any liability or damages whatsoever, Defendants have concluded further litigation of the claims in the Litigation would be protracted and expensive, and Defendants have also taken into account the uncertainty and risks inherent in defending lawsuits and have, therefore, concluded it is desirable the Litigation be settled in the manner, and upon the terms and conditions, set forth in this Agreement.

2.6     The purpose of this Agreement is to settle fully and finally all Released Claims that the Settlement Class Members may have against Defendants and Released Parties

2.7     NOW, THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties agree, on the following terms and conditions, to a full and complete settlement of the Litigation.

2.8     This Agreement is contingent upon approval by the Court, and is entered into voluntarily by the Parties for Settlement purposes only.

### 3.   <u>SETTLEMENT APPROVAL PROCEDURE</u>

3.1     Duty of Cooperation.  The Parties agree to cooperate in obtaining expeditious final approval of this Settlement.

3.2     No later than February 15, 2019, Class Counsel shall file a Joint Motion for Approval of Section 216(b) Settlement, attaching this Agreement, with a proposed Section 216(b) Approval Order in the form of attached **Exhibit C.**  The Motion shall not be filed until the Parties agree on its content.

3.3     No later than February 15, 2019, Class Counsel shall file a Joint Motion for Order Preliminarily Approving Rule 23 Class Action Settlement with a proposed Rule 23 Preliminary Approval Order in the form attached as **Exhibit B.**  The Motion shall not be filed until the Parties agree on its content.  Defendants shall serve any CAFA notice required by CAFA within 10 days after the Joint Motion for Order Preliminarily Approving Rule 23 Class Action Settlement is filed with the Court.

3.4     If the Court does not approve the settlement as submitted by the Parties, then the Parties agree to engage in good faith efforts to renegotiate the settlement in good faith in a manner that addresses the Court's concerns within thirty days.  If the Parties cannot agree on a revised agreement, or if the Court denies the approval of a renegotiated agreement, this Agreement or the re-negotiated agreement, shall be terminated as of the date the Court's order denying approval of the Agreement or renegotiated agreement was entered. Upon termination of this Agreement, or any renegotiated agreement:, (a) this Agreement and, if applicable, a renegotiated agreement, shall

have no force or effect and no Party shall be bound by any of its terms, (b) Defendants shall retain the right to contest whether the Litigation should be maintained as a collective action or class action and to contest the merits of the claims asserted in the Litigation, (c) nothing in this Agreement shall be used, or construed by, or against, any Party as a determination, admission, or concession of any issue of law or fact in the Litigation and the Parties do not waive, and instead expressly reserve, their respective rights with respect to the prosecution and defense of the Litigation, (d) the Litigation shall resume in its posture at the time of this Agreement, as if no agreement had been reached with no prejudice due to lapse of time to either side; and (e) the Parties will negotiate and submit for Court approval a case schedule which shall, among other things, propose dates for completion of merits discovery, and the filing of motions, including those regarding the certification and decertification of any class.

3.5     Not later than three business days after the Court's entry of the Rule 23 Preliminary Approval Order, Defendants shall provide the Settlement Claims Administrator with a list, in electronic form, of the Rule 23 Class as listed in **Exhibit E**, including each individual's last known address.

3.6     Within fourteen (14) days after receiving the information described in ¶ 3.5, the Settlement Claims Administrator shall mail, via First Class United States Mail, the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing in the form attached as **Exhibit F** and the Opt-Out Statement in the form attached as **Exhibit G** to all Rule 23 Class Members using each individual's last known address, along with a return envelope addressed to the Settlement Claims Administrator.

3.7     Any Rule 23 Class Member may request exclusion from the Class by "opting out." Rule 23 Class Members who choose to do so must submit a written and signed request for exclusion to the Settlement Claims Administrator, in the form attached as **Exhibit G**. To be effective, such Opt-Out Statements must be sent via First Class United States Mail and postmarked and received by the Settlement Claims Administrator the Opt-Out Deadline.  The "Opt-Out Deadline" shall be forty-five (45) calendar days after the last day on which the Settlement Claims Administrator makes the initial mailing under ¶ 3.6. The Settlement Claims Administrator shall stamp the postmark date on the original of each Opt-Out Statement that it receives and shall serve copies of each Statement on the Parties on a weekly basis. The Claims Administrator shall, within three (3) business days after the Opt-Out Deadline, send a final list of all Opt-Out Statements to the Parties by email.  The Parties shall also, within seven (7) days after the Opt-Out Deadline, file with the Clerk of Courts (with any Social Security Numbers and mailing addresses redacted) stamped copies of the Opt-Out Statements.

3.8     Rule 23 Class Members who wish to present objections to the proposed settlement at the Fairness Hearing must do so first in writing. To be considered, such statement must be sent to the Settlement Claims Administrator via First Class United States Mail, and be received by the Settlement Claims Administrator on or before the Opt-Out Deadline.  The Claims Administrator shall stamp the date received on the original and send copies of each objection to the Parties via email not later than three (3) business days after receipt thereof. The Claims Administrator shall

6

also file the date-stamped originals of any and all objections with the Clerk of Courts within three (3) business days after the Opt-Out Deadline. An objector also has the right to appear at the Fairness Hearing either in person or through counsel hired by the objector. An objector who wishes to appear at the Fairness Hearing must state his or her intention to do so at the time he or she submits his or her written objections. An objector may withdraw his or her objections at any time.

3.9    No Rule 23 Class Member may appear at the Fairness Hearing unless he or she has filed a timely objection that complies with the procedures provided in this ¶ 3.9. Any Rule 23 Class Member who has submitted an Opt-Out form may not submit objections to this settlement. The Parties may file with the Court written responses to any filed objections no later than fourteen (14) calendar days before the Fairness Hearing.

3.10    Not later than twenty one (21) days before the fairness hearing set by the Court in the Rule 23 Preliminary Approval Order (the "Fairness Hearing"), the Parties will file a Joint Motion for Final Approval of Rule 23 Class Action Settlement with a proposed Rule 23 Final Order in the form of attached **Exhibit D**. The Parties will request that the Court enter the Rule 23 Final Order no earlier than ninety (90) calendar days after the date on which Defendants serve the CAFA Notice so as to comply with CAFA.

3.11    Not later than fourteen (14) days after the Effective Date of the Agreement, the Settlement Claims Administrator shall mail, via First Class United States Mail, the Settlement Claim Postcard in the form attached as **Exhibit H** to all Rule 23 Class Members using each individual's last known address. The Settlement Claim Postcard shall have the Settlement Claims Administrator's address.

3.12    The Settlement Claims Administrator will send a copy of each signed Settlement Claim Postcard to the Parties via email on a weekly basis. To be effective, the Settlement Claim Postcard required under this ¶ 3.13 must be executed and received by the Settlement Claim Administrator within forty-five (45) calendar days after the last day on which the Settlement Claims Administrator makes the initial mailing under ¶ 3.12 (the "Claim Postcard Deadline").

## 4.    <u>SETTLEMENT PAYMENTS</u>

4.1 **Defendants' Payment Obligations.** In consideration for the dismissal with prejudice of the Litigation, as well as the release of the Released Claims effected by this Agreement, and other good and valuable consideration, Defendants shall pay a maximum of Three Hundred Forty Thousand and 00/100 Dollars (**$340,000.00**) (the "Maximum Settlement Amount") to settle the Litigation. The Maximum Settlement Amount shall be all that Defendants shall pay to settle the Litigation and in no event shall Defendants have to pay more than $340,000.00 in connection with any other payment obligations under this Agreement. Subject to the terms of this Agreement, the Maximum Settlement Amount is inclusive of payment for: (1) all settlement amounts to be paid to Settlement Class Members or their respective authorized legal representatives; (2) the Service Payment (as defined in paragraph 4.5 below) approved by the Court for the Named Plaintiff; (3) all Attorneys' Fees and Costs (as defined in paragraph 4.2 below) approved by the court for Class

7

Counsel; (4) the Settlement Class Members' share of any applicable federal, state and local taxes required to be withheld from settlement payments; (5) employer tax contributions associated with settlement payments to Settlement Class Members (as described in paragraph 5.6 below); (6) Settlement Administration Costs incurred by the Settlement Claims Administrator, including all costs in connection with the Settlement Fund (as defined in paragraph 5.3 below).

4.2 **Attorneys' Fees and Expenses.**  Subject to Court approval, Class Counsel shall receive payment in the amount of one hundred forty two thousand five hundred dollars ($142,500.00) for attorneys' fees and for reimbursement of their reasonable costs and expenses ("Fee Award").  This amount shall be paid from, and not in addition to, the Maximum Settlement Amount.  Payment of such attorneys' fees, expenses, and costs to Class Counsel shall be made in accordance with this Agreement and shall constitute full satisfaction of any, and all obligations by Defendants to pay any person, attorney, or law firm for attorneys' fees, expenses, or costs incurred on behalf of Settlement Class Members. The Settlement Claims Administrator shall report the payment of these fees, expenses, and costs to Class Counsel on an IRS Form 1099.  Class Counsel will provide the Settlement Claims Administrator and Defendant with the tax payer identification numbers for Class Counsel, an executed W-9 form, and the amount to be aid to each of the firms.

4.3 **Original Class Members.**   Twenty three thousand dollars ($23,000.00) of the Maximum Settlement Amount is allocated as the Original Class Members Settlement Fund.  This amount shall be paid from, and not in addition to, the Maximum Settlement Amount. The Original Class Members' share of any applicable federal, state and local taxes required to be withheld from settlement payments and the employer share of any required applicable federal, state and local taxes associated with settlement payments to Original Class Members shall be paid from the Original Class Members Settlement Fund.   The Settlement Claims Administrator shall be responsible for calculating and remitting to the tax authorities all payroll taxes for payments made to Original Class Members from the Original Class Members Settlement Fund. After deducting the employer tax contributions associated with payments to the Original Class Members out of the Original Class Members Settlement Fund, all remaining amounts in the Original Class Members Settlement Fund (the "Net Original Class Members Fund") shall be distributed to the Original Class Members according to the gross amounts contained in **Exhibit A** subject to Court approval. The gross payments set forth in **Exhibit A** are based on a determination of overtime compensation calculated by including alleged unrecorded compensable travel time and other alleged unrecorded work time.  The amounts set forth in **Exhibit A** are gross amounts, and they include the employer and employee share of any required applicable federal, state and local taxes associated with the settlement payments to the Original Class Members that will be subtracted and withheld, respectively, from the Original Class Members Settlement Fund before the final amounts of the payments to the Original Class Members are paid by the Settlement Claims Administrator.

4.4 **Rule 23 Class Members.**  One hundred seventy four thousand five hundred dollars ($174,500.00) of the Maximum Settlement Amount is allocated as the Rule 23 Class Members Settlement Fund, which sum includes all administration costs, the Service Payment to the Named Plaintiff, employer share of federal, state and local taxes, and mandatory tax payments.  The Rule 23 Class Members Settlement Fund is reversionary.  Rule 23 Class Members must timely submit

a Settlement Claim Postcard in order to be eligible to receive a payment from the Rule 23 Class Members Settlement Fund.  All unclaimed funds contained in the Rule 23 Class Members Settlement Fund belong to Defendants, subject to a minimum payout threshold of $69,800.00 (forty percent (40%) of the Rule 23 Class Members Settlement Fund).  If at least $69,800.00 of the Rule 23 Class Members Settlement Fund is not paid and negotiated, then the difference between $69,800.00 and the amount paid and negotiated will be paid to the Charity as a *cy pres* award, and the remaining amount of the Rule 23 Class Members Settlement Fund, if already paid into the Settlement Fund by Defendants, will be returned to Defendants.  The Settlement Claims Administrator shall prepare and send the check(s) to the Charity.  If the Court does not approve this *cy pres* award, Plaintiffs will select another charity and the parties will seek Court approval for payment to that entity.  The amount available for payments to Rule 23 Class Members who timely submit a Settlement Claim Postcard after deducting the Service Award, Settlement Administrator Costs and the employer share of federal, state and local taxes associated with settlement payments to Rule 23 Class Members shall constitute the Net Rule 23 Class Members Settlement Fund.  Rule 23 Class Members who timely submit a Settlement Claim Postcard will be paid a *pro rata* share of the Net Rule 23 Class Members Settlement Fund  based on gross earnings and number of workweeks worked by the Rule 23 Class Members during the statutory period.  Specifically, the settlement amount for each Rule 23 Class Member is determined by taking each Rule 23 Class Members *pro rata* share of the total gross earnings for the Rule 23 Class during the statutory period as well as the *pro rata share* of each Rule 23 Class Member's total weeks worked during the statutory period.  Then, fifty percent (50%) of the Rule 23 Class Members Settlement Fund is divided among Rule 23 Class Members based on their *pro rata* share based on gross earnings.  The other fifty percent (50%) of the Rule 23 Class Members Settlement Fund is divided among Rule 23 Class Members based on their *pro rata* share based on weeks worked.  An example of this allocation, assuming that no Rule 23 Class Members opt-out of this Settlement, is attached hereto as **Exhibit I**.

4.5  **Service Award.**  Subject to Court approval, the Named Plaintiff will be paid $7,000.00 from the Rule 23 Class Members Settlement Fund as for her services in bringing, and prosecuting, the Action and as consideration for the Release set forth in Paragraph 7.2 of the Agreement.  This amount shall be paid from, and not in addition to, the Rule 23 Class Members Settlement Fund, which shall be paid from, and not in addition to, the Maximum Settlement Amount.  The Settlement Claims administrator shall issue a Form 1099 in connection with this payment.

4.6  With the exception of the Service Award paid to the Named Plaintiff, in no event will any Original Class Member also receive payment as a Rule 23 Class Member.

## 5.  **SETTLEMENT CLAIMS ADMINISTRATION**

5.1  **Selection of Settlement Claims Administrator.**  Class Counsel will select the Settlement Claims Administrator, subject to Defendants' requirements concerning security practices.

5.2 **Settlement Claims Administrator Responsibilities**. By accepting the role as Settlement Claims Administrator, the Settlement Claims Administrator must agree to all of the terms, conditions and obligations described in this Settlement Agreement.  The Settlement Administrator shall have sole and exclusive responsibility for:  establishing a Qualified Settlement Fund and a Qualified Settlement Fund account, determining the Final Settlement Payment (as defined herein), determining the amounts of settlement payments for each Settlement Class Member in accordance with this Agreement; processing and mailing payments to Settlement Class Members and Class Counsel,  printing and mailing the Notice Packets to the Rule 23 Settlement Class as directed by the Court; printing and mailing the Claim Postcards to the Rule 23 Settlement Class Members as directed by the Court; receiving and reporting objections, requests for exclusion, and Claim Postcards; deducting all legally required taxes from settlement payments to Settlement Class Members; remitting all payroll tax obligations for Defendants in accordance with applicable law and this Agreement;  calculating, processing and mailing tax payments to the appropriate state and federal taxing authorities; issuing and mailing W-2 and 1099 Forms for all amounts paid under this Agreement;  providing declaration(s) as necessary in support of preliminary and/or final approval of this Settlement; and other tasks as the Parties mutually agree or the Court orders the Settlement Claims Administrator to perform.  The Settlement Claims Administrator shall keep the Parties timely apprised of the performance of all Settlement Claims Administrator responsibilities. Defendants and Defendants' Counsel shall have no responsibility for validating or ensuring the accuracy of the Settlement Administrator's work.  Plaintiffs, Class Counsel, Defendants and Defendants' Counsel shall not bear any responsibility for errors or omissions in the calculation or distribution of the settlement payments distributed to Settlement Class Members or any other distribution of monies contemplated by this Agreement.

5.3 **Settlement Fund Fees and Expenses**. All fees, expenses, and costs of the Settlement Claims Administrator directly or indirectly related to the Settlement Fund (as defined in paragraphs 5.4 and 5.5 below), including but not limited to, all fees, expenses, and costs in connection with the Settlement Fund (including, but not limited to, those related to check cutting and mailing checks to Class Counsel and Settlement Class Members, court filings, preparation of tax forms and tax returns, taxes associated with such tax returns) shall be paid out of the Rule 23 Settlement Fund.  The parties agree to cooperate in using reasonable efforts to limit the fees, expenses and costs of the Settlement Claims Administrator wherever practicable.

5.4 **Establishing a Qualified Settlement Fund**. The Initial Settlement Payment and the Final Settlement Payment (if any) will be deposited in an account (the "Settlement Fund"), intended by the Parties to be a "Qualified Settlement Fund" as described in Section 468B of the Internal Revenue Code of 1986, as amended, and Treas. Reg. Section 1.468B-1, *et seq.* The Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Section 468B of the Internal Revenue Code of 1986, as amended, the Treas. Reg. Section 1.468B-1, *et seq.*, and shall be administered by the Settlement Claims Administrator, subject to the ultimate authority of the Court.

5.5 **Administering the Settlement Fund**. The Settlement Claims Administrator shall serve as Trustee of the Settlement Fund and shall act as a fiduciary with respect to the handling,

management, and distribution of the Settlement Fund, including the handling of tax-related issues and payments. The Settlement Claims Administrator shall act in a manner necessary to qualify the Settlement Fund as a Qualified Settlement Fund and to maintain that qualification. The Parties shall cooperate to ensure such treatment, and shall not take a position in any filing or before any tax authority inconsistent with such treatment. The Parties agree to any relation-back election required to treat the Settlement Fund as a Qualified Settlement Fund from the earliest possible date.

5.6    **Tax Withholding and Reporting**. The Parties agree that all payments made to Settlement Class Members pursuant to this Agreement, except for the Service described in ¶ 4.5, will be treated as wages and subject to all tax and other applicable withholdings. Therefore, normal payroll taxes (federal income taxes, state income taxes, employee's share of FICA and FUTA taxes, and other state-specific statutory deductions) and withholdings (garnishments, tax liens, child support, etc.) will be deducted from all payments made to Settlement Class Members pursuant to this Agreement, except for the Service described in ¶ 4.5. Each Settlement Class Member will indemnify the Settlement Class Members, Defendants and Released Parties, Class Counsel, the Settlement Claims Administrator and Defense Counsel for any tax liability, including penalties and interest, arising out of or relating to the Settlement Class Member's failure to pay taxes on any amounts paid pursuant to this Agreement. The Settlement Claims Administrator shall be responsible for remitting to the tax authorities all payroll taxes for payments out of the Settlement Fund. The Settlement Claims Administrator will pay the employer's portion of payroll taxes, such as FICA, related to the settlement payments to the Original Class Members with funds drawn from the Original Class Members Settlement Fund. The Settlement Claims Administrator will pay the employer's portion of payroll taxes, such as FICA, related to the settlement payments to the Rule 23 Class Members with funds drawn from the Rule 23 Class Members Settlement Fund. The Settlement Claims Administrator shall prepare and file tax return(s) associated with such payroll taxes.

5.7    **Tax Forms**. The Settlement Claims Administrator shall issue to each Settlement Class Member receiving payment a W-2, for the year they receive the monies, and (if required) a 1099 in the appropriate amount to Class Counsel and to the Named Plaintiff and Class Representative related to the Service Award addressed in ¶4.5.

5.8 **Other Tax Payments**. The Settlement Claims Administrator shall satisfy from the Rule 23 Settlement Fund all federal, state, local, and other reporting requirements (including any applicable reporting with respect to attorneys' fees and other costs subject to reporting) and any and all taxes, penalties and other obligations with respect to the payments or distributions not otherwise addressed in this Agreement.

## 6.    **TIMING OF SETTLEMENT PAYMENTS**

6.1    Within fourteen (14) days after the Effective Date, Defendants shall pay to the Settlement Claims Administrator the total of the following amounts ("Initial Settlement Payment"): (1) $142,500 to fund the Fee Award; (2) $23,000 to fund the Original Class Members Settlement

Fund; and (3) $69,800.00 to fund the minimum payout threshold of the Rule 23 Class Members Settlement Fund.

6.2     Within seven (7) days after the Claim Postcard Deadline, the Settlement Administrator shall provide Class Counsel and Defendants with a final report of all proposed Settlement Awards to the Rule 23 Class Members who timely returned Claim Postcards and shall report to Defendants the remaining balance (if any) of the Rule 23 Settlement Class Members Settlement Fund to be funded in order for the Claims Administrator to pay such Settlement Awards to Rule 23 Class Members under this Agreement.

6.3     Within twenty-one (21) days after the Claim Postcard Deadline, Defendants shall pay to the Settlement Claims Administrator the remaining balance (if any) necessary, as directed by the Settlement Claims Administrator, to pay any Settlement Awards payable from the Rule 23 Class Members Settlement Fund under this Agreement ("Final Settlement Payment"). In no event shall the combined total of the Initial Settlement Payment and the Final Settlement Payment exceed $340,000.00.

6.4 Within fourteen (14) days after receipt by the Settlement Claims Administrator of the Initial Settlement Payment, the Settlement Claims Administrator shall distribute settlement checks under the terms of this Agreement to the Original Class Members, Class Counsel and the Named Plaintiff (including the Named Plaintiff's Service Award).

6.5     Within fourteen (14) days after receipt by the Settlement Claims Administrator of the Final Settlement Payment (or, if no Final Settlement Payment is due, the date such payment would have been due under paragraph 6.3), the Settlement Claims Administrator shall distribute settlement checks under the terms of this Agreement to the Rule 23 Class Members who timely returned Claim Postcards.

6.6     The Settlement Class Members will have ninety (90) days from the date the checks are issued ("Check Issuance Date") to negotiate them. The Settlement Claims Administrator will endeavor to locate any Settlement Class Members whose checks are returned and promptly cause their checks to be delivered to them. Forty-five (45) days from the Check Issuance Date for settlement checks issued to Settlement Class Members, the Claims Administrator will provide Class Counsel with a report reflecting which checks have not been negotiated. Class Counsel will be free to contact any Settlement Class Members whose checks were not returned and urge them to promptly negotiate their checks. After ninety (90) days, the Claims Administrator may stop payments on any checks issued to Settlement Class Members that have not been negotiated, and the Claims Administrator will provide Class Counsel and Defendants with a list of checks that have not been negotiated. Subject to this Court's approval, the Claims Administrator will prepare a check made payable to the Charity as a *cy pres* award equivalent to the amount of checks the Settlement Claims Administrator issued to the Settlement Class Members that were not negotiated, less any associated stop payment fees. Should this Court not approve this *cy pres* award, Plaintiff and her counsel will select another Charity and seek Court approval for payment to that entity.

6.8   Any funds from the Settlement Fund that are not distributed under the terms of this Agreement shall not be redistributed among the Settlement Class Members, but shall belong to Defendants. The Parties agree that any funds (including but not limited to all interest or investment income accrued on the Settlement Fund) remaining in the interest-bearing bank account holding the Settlement Fund one hundred and fifty (150) days after the issuance of Settlement Award checks under Paragraph 6.5 of this Agreement shall be paid by the Settlement Claims Administrator to Defendants. Any such payment under this paragraph shall be made within one hundred and eighty (180) days after the issuance of Settlement Award checks under Paragraph 6.5 of this Agreement.

6.9   The Settlement Class Members, Intrepid, Class Counsel, the Settlement Claims Administrator and Defense Counsel will not be liable for checks cashed by persons other than the Settlement Class Members. Each Settlement Class Member will be deemed to have released Defendants and the Released Parties from all liability as set forth in this Agreement even if his or her check is cashed by a person other than to whom the check is written.

6.10   Payments made under this Agreement are not intended to and will not: (1) form the basis for additional contributions to, benefits under, or any other monetary entitlements under; (2) count as earnings or compensation with respect to; or (3) be considered to apply to, or be applied for purposes of, Defendants' bonus, pension, any 401(k) and/or other retirement plans or similar programs.

## 7.   RELEASE

7.1 **Release of Wage and Hour Claims By Settlement Class Members.** Each Settlement Class Member, hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and the Released Parties from any and all past and present matters, claims, demands, and causes of action, whether known or unknown, that were or could have been asserted in the Lawsuit based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, penalties, costs, attorneys' fees, and any other relief available for any such claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., KWHA, Ky. Rev. Stat. § 337.010, *et seq.*, Ky. Rev. Stat. § 446.070, and any other similar state or federal statute, regulation or common law regarding the payment of wages (including claims for breach of contract, unjust enrichment or quantum meruit), provided that this release of wage and hour claims does not include claims for lost wages brought pursuant to Title VII, the Family and Medical Leave Act, ERISA, the Americans with Disabilities Act or the Age Discrimination in Employment Act.

7.2 **General Release of All Other Known and Unknown Claims By Named Plaintiff.** In exchange for the benefits provided to the Named Plaintiff under this agreement, the Named Plaintiff hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and Released Parties from any and all claims, causes of actions, demands, debts, obligations, damages or liability, whether or not asserted in this Lawsuit, whether known or unknown, arising from or during the Named Plaintiff's employment or resulting from the termination of the Named Plaintiff's employment with Defendants, including but not limited to

13

any and all claims under Title VII of the Civil Rights Act of 1964, as amended, the Age Discrimination in Employment Act of 1967, the National Labor Relations Act, as amended, the Civil Rights Act of 1866 and 1991, as amended, Sections 1981 through 1988 of Title 42 of the United States Code, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Immigration Reform Control Act, as amended, the Occupational Safety and Health Act, as amended, the Americans with Disabilities Act of 1990, as amended by the Americans with Disabilities Act Amendments Act of 2008, the Sarbanes-Oxley Act, the Family and Medical Leave Act of 1993, as amended, the Equal Pay Act, the Consolidated Omnibus Budget Reconciliation Act, as amended, any claim under Kentucky common law, Kentucky statutory law, the Kentucky Civil Rights Act, and any other United States federal, state, local, or foreign, civil rights, human rights, bias, wage-hour, pension or other law, regulation or executive order, and claims for any other type of discrimination, defamation, whistleblower activities, additional compensation or fringe benefits, breach of contract, violation of public policy, wrongful, retaliatory or constructive discharge, and any and all rights to or claims for continued employment, attorneys' fees or damages (including contract, compensatory, punitive or liquidated damages), or equitable relief. Notwithstanding this General Release, the Named Plaintiff is not releasing any claims or causes of action against Defendants that she has or may have under Kentucky worker's compensation laws, other than claims for retaliation or discrimination under such laws or related in any way to her filing a worker's compensation claim.

7.3   The Settlement Class Members will be deemed to have entered into the Releases set forth herein and to have released the above-described claims against Defendants and the Released Parties upon Defendant's delivery of the Initial Settlement Payment to the Settlement Claims Administrator as set forth in paragraph 6.1.

## 8.   <u>MISCELLANEOUS</u>

8.1   **No Tax Advice.** Named Plaintiff, on behalf of herself, Plaintiffs, and Opt-in Plaintiffs, acknowledge and agree they have not relied on any advice from Defendants, Defense Counsel, the Settlement Claims Administrator or Class Counsel as to the taxability of the payments to be received under this Agreement.

8.2   **No Publicity**.   Named Plaintiff and Class Counsel will not issue any press releases intended to publicize the Settlement and will not communicate with any member of the media about this Settlement other than to state "no comment" in response to any inquiries from any member of the media relating to this Settlement.

8.3   **Representation by Counsel.** All of the Parties acknowledge they have been represented by counsel throughout all negotiations that preceded the execution of this Agreement and this Agreement has been executed with the consent and advice of counsel.

8.4   **No Admission of Liability.** Defendants enter into this Agreement to avoid further expense and risk and delay of litigation. The Parties acknowledge and agree liability for the actions that are the subject matter of the Litigation is disputed by Defendants. This Agreement and the

Settlement are a compromise, and shall not be construed as an admission of liability at any time, or for any purpose, under any circumstances, by the Parties. The Parties further acknowledge and agree this Agreement and the Settlement shall not be used to suggest an admission of liability in any dispute the Parties may have now, or in the future, with respect to any person or entity. Neither this Agreement, nor anything herein, nor any part of the negotiations had in connection herewith, shall constitute evidence with respect to any issue or dispute other than for purposes of enforcing this Agreement.

8.5    **Modification of Agreement.**   Except in writing, signed by the Parties or their counsel, and as approved by the Court with respect to material modifications or amendments, this Agreement may not be modified or amended.   The waiver by one Party of any breach of this Agreement will not be deemed to be a waiver of any prior or subsequent breach.

8.6    **Inadmissibility of Settlement Agreement.**   Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

8.7    **Entire Agreement.** This Agreement constitutes the entire agreement between the Parties with respect to the subject matter included herein, and it shall supersede all prior and contemporaneous negotiations between the Parties. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement.

8.8    **Cooperation in Drafting.**    This Agreement shall be construed as a whole according to its fair meaning and intent, and not strictly for, or against, any party, regardless of who drafted, or who was principally responsible for drafting, this Agreement, or any specific term or condition thereof. Plaintiffs and Defendants participated in the negotiation and drafting of this Agreement and had available to them the advice and assistance of their respective counsel. As such, neither Plaintiffs, nor Defendants, may claim any purported ambiguity in this Agreement should be construed against the other.

8.9    **No Reliance on Representations or Extrinsic Evidence.** Except as expressly provided herein, this Agreement has not been executed in reliance on any oral or written representations or terms, and no such extrinsic oral or written representations or terms shall modify, vary, or contradict its terms. By entering into this Agreement, the Parties agree that this Agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence.

8.10    **Controlling Law.** This Agreement shall be subject to, governed by, construed, enforced and administered in accordance with the laws of the State of Kentucky, both in its procedural and substantive aspects, and without regard for the principle of conflict of laws.

8.11    **No Assignment.** Class Counsel and Plaintiffs represent and warrant they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim, or any portion thereof, or interest therein, including, but not limited to, any interest in the Litigation, or any related action.

8.12    **Severability.** If any provision of this Agreement, except the Release, is held by a court of competent jurisdiction after its Effective Date to be void, voidable, unlawful, or unenforceable, the remaining portions of this Agreement will remain in full force and effect to the extent that the effect of the Agreement remains materially the same and the obligations of the Parties remain materially the same.

8.13    **Counterparts.** This Agreement, any amendments or modifications to it, and any other documents required or contemplated to be executed in order to consummate this Agreement, may be executed in one or more counterparts, each of which shall be deemed an original of this Agreement. All counterparts of any such document together shall constitute one and the same instrument. It is intended that a photocopy, facsimile, or digital image of an executed counterpart shall be enforceable and admissible as an original.

8.14    **Binding Effect.**        This Agreement is binding upon, and shall inure to the benefit of, the Parties. Without limiting the foregoing, this Agreement specifically shall inure to the benefit of Defendants, as well as Defendants' present and former owners, stockholders, predecessors, successors, joint ventures, assigns, agents, directors, officers, board members, employees, representatives, insurers, attorneys, parents, subsidiaries, benefit plans, plan fiduciaries, affiliated divisions and companies, and all persons acting by, through, under or in concert with any of them. Also without limiting the foregoing, this Agreement shall be binding upon the spouses, children, heirs, assigns, administrators, executors, beneficiaries, conservators, successors and offspring of all Settlement Class Members.

8.15    **Facsimile and Electronic Signatures.** Any Party may execute this Agreement by signing, or by causing such Party's counsel to sign, or by e-signature, on the designated signature block below, and transmitting that signature *via* facsimile, email, or other electronic means to counsel for the other Settling Party. Any signature made and transmitted by facsimile, e-signature, or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the Settling Party whose counsel transmits the signature page by facsimile, e-signature or email.

8.16    **Plaintiff Signatories.**  Only the Named Plaintiff will be required to execute this Settlement Agreement on behalf of the Opt-in Plaintiffs and Rule 23 Class Members.  It is agreed that it would be impractical to have each Settlement Class Member execute this Agreement. Plaintiffs' Counsel will advise each Opt-in Plaintiff of the binding nature of the Release, and this

will have the same force and effect as if this Agreement were executed by each Opt-in Plaintiff. The Settlement Notice will advise all Rule 23 Class Members of the binding nature of the Release and such shall have the same force and effect as if this Agreement were executed by each Rule 23 Class Member.

      8.17    **Voluntary Signature.** All Parties agree they have signed this Agreement, or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.

      8.18    **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

      8.19    **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

      **WHEREFORE**, having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.

Executed this 14th day of February, 2019.

By: _____

Intrepid USA, Inc., and F.C. of Kentucky, Inc.

_____

(Print Name)

Executed this _____ day of February, 2019.

_____

_____

Tina Mitcham  (Individually and on behalf of Settlement Class Members)

will have the same force and effect as if this Agreement were executed by each Opt-in Plaintiff. The Settlement Notice will advise all Rule 23 Class Members of the binding nature of the Release and such shall have the same force and effect as if this Agreement were executed by each Rule 23 Class Member.

      8.17    **Voluntary Signature.** All Parties agree they have signed this Agreement, or authorized their counsel to sign this Agreement on their behalf, knowingly, voluntarily, with full knowledge of its significance, and without coercion.

      8.18    **Jurisdiction of the Court.**  The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

      8.19    **Interim Stay of Proceedings.**   The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement.

      **WHEREFORE**, having fully read and understood the terms of this Agreement, the Parties sign their names below with the intention that they shall be bound by it.


Executed this _____ day of February, 2019.

               By: _____
               Intrepid USA, Inc., and F.C. of Kentucky, Inc.

               _____
               (Print Name)

Executed this __14__ day of February, 2019.


               _____
               _____
               Tina Mitcham  (Individually and on behalf of
               Settlement Class Members)

# EXHIBIT A

## **EXHIBIT A**

## **INDIVIDUAL SETTLEMENT AMOUNTS FOR ORIGINAL CLASS MEMBERS**

| Name | Settlement Amount |
|---|---|
| Bucher, Rhea | $ 1,201.63 |
| Hester, Kelly | $ 14,364.04 |
| Mitcham, Tina | $ 2,490.01 |
| Parker, Angela | $ 224.12 |
| Wychulis, Melissa | $ 3,079.27 |
| Arrambidez, Dianisha | $ 437.32 |
| Garner, Lesia | $ 1,053.61 |
| Triplet, Domica | $ 150.00 |
| **TOTAL** | $ **23,000.00** |

2

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) | CASE NO. 3:17-cv-00703 |
| v. | ) ) | JUDGE BOOM |
| INTREPID U.S.A., INC., AND F.C. OF KENTUCKY, INC., d/b/a INTREPID USA HEALTHCARE SERVICES, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT

Before the Court is the parties' Joint Motion for Order Preliminarily Approving Rule 23 Class Action Settlement ("Joint Motion") and the pertinent materials filed with that motion. (Doc. Nos. ___ & ___.) For good cause shown, and as more fully explained below, the Joint Motion is **GRANTED.** The Court **ORDERS** as follows:

1. **Preliminary Certification of the Rule 23 Class.** For the purposes of settlement only, the Court preliminarily finds that the proposed Rule 23 Class, as defined in the Settlement Agreement between the parties (Doc. No. ____) (the "Agreement"), meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, pursuant to Rule 23(c) of the Federal Rules of Civil Procedure, the Court preliminarily certifies for settlement purposes only, the following proposed Rule 23 Class:

4

> All former and current non-exempt home health workers employed by Defendants in the position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Defendants' Kentucky locations from November 22, 2012 to November 13, 2018 to provide in home health care services to patients, who performed 20 or more visits during any week within this time period and who were paid on a fee per visit basis, but excluding any individuals who entered into the settlement in the case, Paine et al. v. Intrepid U.S.A., Inc., No. 3:14-cv-02005 (M.D. Tenn. 2017) ("Class Members") and excluding any individual who joined this Action by filing a consent form pursuant to 216(b) of the Fair Labor Standards Act ("FLSA").

2. **Nullification.** This Order will be null and void and of no force or effect, and this action will proceed as though a class had never been certified, if the Agreement is not finally approved by the Court or if the Agreement, after being finally approved by the Court, is invalidated on appeal or terminated pursuant to its own terms.

3. **Class Representative.** The Court conditionally approves the Named Plaintiff, Tina Mitcham, as the Class Representative

4. **Class Counsel.** The Court conditionally appoints as Class Counsel for the Rule 23 Class David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC.

5. **Preliminary Approval of the Agreement.** The proposed settlement set forth in the Agreement appears, upon preliminary review, to be fair, reasonable, and adequate. The Court finds that: (a) the Agreement resulted from extensive arm's-length negotiations; and (b) the Agreement is sufficient to warrant notice of the settlement to the Rule 23 Class and

a full hearing on the approval of the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure.

6. **Claims Administrator.** RG2 Claims Administration, LLC (the "Claims Administrator") is approved as administrator of the settlement and claims process as set forth in the Agreement.

7. **Fairness Hearing.** A Fairness Hearing will be held on _____, 2019 at _____ to consider final approval of the Agreement. Any Rule 23 Class member who wishes to object to the Agreement will be heard at that time. Objections must be made in writing by mailing such objections to the Claims Administrator and must be received by the Claims Administrator within 45 days after the date on which the Claims Administrator mails the Notice to class members. Each objection must include the objector's name, address, telephone number, signature, and social security number. Each objecting Rule 23 Class member must state the reasons for the objection to the Agreement. If the objecting Rule 23 Class member wishes to speak at the Fairness Hearing, the written objection must so state and specifically identify all witnesses and materials that the objecting Rule 23 Class member will present at the hearing. Any objecting Rule 23 Class member who fails to properly or timely provide his or her objection to the Claims Administrator will not be heard during the Fairness Hearing and such objection will not be considered by the Court. The Claims Administrator will file objections with the Court and provide them to Class Counsel and Defense Counsel as set forth in the Agreement.

6

8. **Notice to the Class.** The Notice of Class Action, Proposed Settlement and Fairness Hearing (the "Notice") attached as Exhibit F to the Agreement and the Opt-Out Statement attached as Exhibit G to the Agreement (collectively the "Notice Materials") are approved. The Court orders that the Defendants provide the Claims Administrator with a list, in electronic form, of the Rule 23 Class, including each individual's last known address, within three (3) business days after the entry date of this Order. The Court orders that the Claims Administrator mail the Notice Materials via first-class mail to the Rule 23 Class within fourteen (14) days after Defendants produce such list with addresses. Any member of the Rule 23 Class who wishes to opt out of the class must do so by properly completing the Opt-Out Statement and mailing it to the Claims Administrator. The Opt-Out Statement must be received by the Claims Administrator within 45 calendar days after the date on which the Claims Administrator mails the Notice to class members. All members of the Rule 23 Class who do not timely and properly exclude themselves from the class will be bound conclusively by all of the terms of the Agreement, if finally approved, and by any judgment entered upon final approval. The Claims Administrator will provide Class Counsel and Defense Counsel returned opt-out statements, who will file them with the Court, as set forth in the Agreement.

9. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in this action or any other action.

10. **Stay.** All proceedings in this action, other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, are stayed and suspended until further order of the Court. Pending final approval of the Agreement, Named Plaintiff, the Original Class Members, and the members of the Rule 23 Class are barred from commencing, prosecuting, continuing, or asserting in any forum, either directly or indirectly, on their own behalf or on behalf of any class or other person, any Released Claim against any Released Party (as those terms are defined in the Agreement).

11. **Use of Agreement and Ancillary Items.** Neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in this action or any other action with respect to any issue or dispute, including but not limited to, for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.  Likewise, neither the Agreement (whether or not it is finally approved), nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) shall be construed as, offered, or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties or their counsel of any liability, fault, wrongdoing, omission, or damage.

8

United States District Court
Western District of Kentucky

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) | COLLECTIVE AND CLASS ACTION |
| Plaintiff, | ) ) | CASE NO. 3:17-cv-00703 |
| v. | ) ) | |
| INTREPID U.S.A., INC., AND F.C. OF KENTUCKY, INC., d/b/a INTREPID USA HEALTHCARE SERVICES, | ) ) ) | JUDGE BOOM JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## [PROPOSED] ORDER APPROVING SECTION 216(b) SETTLEMENT

Before the Court is the Joint Motion to Approve § 216(b) Settlement. This Court finds that the settlement terms negotiated by the Parties and described therein are a fair and reasonable resolution of a *bona fide* dispute between the Named Plaintiff Tina Mitcham, the Opt-In Plaintiffs and Defendants Intrepid U.S.A., Inc. and F.C. of Kentucky, Inc., that the attorneys' fees requested therein are reasonable, and that the settlement of the claims as to the Original Class Members, including Named Plaintiff Tina Mitcham, as they are defined in the Settlement Agreement, is therefore approved.   Accordingly, the Joint Motion to Approve § 216(b) Action Settlement is GRANTED.   The Court appoints Plaintiffs' Counsel David W. Garrison, Josh Frank, and Chris Sanders as Class Counsel in this matter for the purpose of the § 216(b) Settlement.

11

As of the date the judgment in this action becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Original Class Members, as they are defined in the Settlement Agreement, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement), and the Original Class Members are deemed to have released and forever discharged the Released Parties from all Released Claims.

So ordered.

Entered:

_____

Claria Horn Boom
United States District Judge
Western District of Kentucky

12

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:17-cv-00703 |
| v. | ) ) | JUDGE BOOM |
| INTREPID U.S.A., INC., AND F.C. OF KENTUCKY, INC., d/b/a INTREPID USA HEALTHCARE SERVICES, | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## [PROPOSED] ORDER OF FINAL APPROVAL AND FINAL JUDGMENT

Before the Court is the parties' Joint Motion for Final Approval of Rule 23 Class Action Settlement ("Joint Motion") and the pertinent materials filed with that motion. (Doc. Nos. ___ & ___.) The Court preliminarily approved the settlement agreement that is the subject of this motion (the "Agreement") by order entered on _____ (the "Preliminary Approval Order"). (Doc. No. _____.) A copy of the Agreement is attached as Exhibit A and incorporated in this order by reference.

On _____, the Court conducted a hearing (the "Fairness Hearing") to consider final approval of the Agreement. The Court has considered all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the applicable law, and the record. For good cause shown, and as more fully explained below, the Joint Motion is **GRANTED.** The Court **ORDERS** as follows:

14

1.      **Final Certification of the Rule 23 Class.** The Court finds that the proposed Rule 23 Class,

as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal

Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court certifies the Rule

23 Class consisting of the following:

> All former and current non-exempt home health workers employed
> by Defendants in the position of Licensed Practical Nurse, Physical
> Therapy Assistant, Certified Occupational Therapy Assistant, or
> Home Health Aide at any of Defendants' Kentucky locations from
> November 22, 2012 to November 13, 2018 to provide in home
> health care services to patients, who performed 20 or more visits
> during any week within this time period and who were paid on a fee
> per visit basis, but excluding any individuals who entered into the
> settlement in the case, Paine et al. v. Intrepid U.S.A., Inc., No. 3:14-
> cv-02005 (M.D. Tenn. 2017) ("Class Members") and excluding any
> individual who joined this Action by filing a consent form pursuant
> to 216(b) of the Fair Labor Standards Act ("FLSA")..

2.      **Class Representative. For the purposes of settlement, t**he Court approves the Named

Plaintiff, Tina Mitcham, as the Class Representative.

3.      **Class Counsel. For the purposes of settlement, t**he Court appoints as Class Counsel for

the Rule 23 Class David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison,

LLC.

4.      **Approval of the Agreement.** The Court approves the Agreement and finds that it is a

reasonable compromise of the claims of the Rule 23 Class that was reached by the parties after

extensive discovery and intensive arms-length negotiations with the assistance of an experienced

mediator. The Agreement is fair, just, reasonable and adequate to, and in the best interest of, the

Rule 23 Class. It achieves a definite and certain result for the benefit of the Rule 23 Class that is

preferable to continuing litigation in which the Rule 23 Class would necessarily confront

substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the

Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the class in accordance with the terms of the Agreement (the "Opt-Outs").

5.      **Notice to the Rule 23 Class.** The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law.

6.      **CAFA Notice.**   The Court hereby finds and concludes that the notice provided by Defendants to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7.      **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representative and the Rule 23 Class, excepting the Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representative and the Rule 23 Class, excepting the Opt-Outs, are deemed to have released and forever discharged the Released Parties from all Released Claims.

8.     **Dismissal with Prejudice.** All claims in this action are dismissed with prejudice and without costs against Defendants.

9.     **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

10.    **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

11.    **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only any may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

12.    **Use of Agreement and Ancillary Items.** Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

      **So ordered.**
      **ENTER:**


                              _____
                              United States District Court
                              Western District of Kentucky

17

# EXHIBIT E

## EXHIBIT E

## LIST OF RULE 23 CLASS MEMBERS

**Employee Name**
Abrams, Rose L
Austin, Tabitha Baker, Morgan D.
Baker, Shana N
Bartlett, Heather L
Beirman, Tammy Kay
Howard, Julie Ann
Blevins, Amanda D
Bouland, Jalyn K
Boyer, Dawn L
Brammer, Patsy
Bratton, Jessica K
Brown, Helen E
Burns, Debra Kay
Cambron, Susan C
Canada, Amanda
Carter, Stephanie Rene
Cecil, Stephanie N
Champion, Loreen C
Clark, William K
Clouse, Matthew R
Coffey, Myrtle P
Coleman, Radasha J
Collins, Linda S
Copass, Rebecca J
Coulter, Lillie Marie Coyner, Monna Jo
Cross, Barbara
Darnell, Nicholas A
Day, Amy
Depriest, Patricia A
Downs, Angela Marie
Downs, Eunice Figg
Duff, James D
Eastridge, Teri Kay
Edlin, Derek T
Edwards, Barbara D
Edwards, Cindy Marie

19

Edwards, James R
Edwards, Kelli C
Eubank, Daniel S
Evans, Mary
Feese, Tiana R
Fentress, Deana Michelle
Followell, Shayna Leanne
Gabbard, Leslie Brooke
Gabhart, Ashley Marie
Garcia, Nelda
Garmon, Susan L
Gaylord, Jennifer Leann
Gill, Lisa G
Gilreath, Brandy M
Glovier, Brandy K
Gray, Amber M
Guthrie, Bridgett R
Hack, Heather L
Hargis, Terry Allen
Harness, Regina L
Harrison, Dana Lynn
Haynes, Ryan Edward Hinson, Kathy
Hutchins, Mary Julia
Jaggers, Talana
Johnson, Rebecca Emily
Kenley-Anjanel-Hernandez, Laken
Larrison, Megan Jayne
Lawrence, Deborah W
Logsdon, Toria D
Long, Kim M
Lowhorn, Alisha S
Marsh, Brittany Danielle
Martin, Elizabeth
Martin, Jalen M
Mattingly, Stacy Thompson
McCartney, Lea A
McClelland, Elizabeth A
McCuiston, Juli A
Meredith, Chasity M
Merrell, Rachel
Miles, Andrea
Miller, Kassie N
Moffitt, Mary
Morris, Samantha A

Mosley, Ashley N
Muff, Carol J
Mullins, Brittany P
Mullins, Jamie A
Newton, Miranda Lynn
Newton, Vickie
Pawley, Karen
Pennington, Crystal L Pilcher, Beverly L.
Plemmons, Caryn M
Raisor, Ashley N
Johnson, Rebecca Emily
Reeves, Carla R
Riggins, Sara B
Roach, Laura Dakota
Robertson, Teresa L
Rodgers, Kristen F
Rose, Rebecca A
Russell, Norma L
Russell, Patricia A
Sapp, Shantelle Essex
Saprissa Alfaro, Roberto Eduardo
Seale, Jamie L
Skeeters, Mendi Lea Skinner, Laura Smith, Alina V.
Smith, Candace Shelsey
Spalding, Stephanie
Speed, George Caleb
Steelman, Mandi
Stephens, Phyllis J
Stewart, Charmaine
Stone, Joanie L
Sweeten, Kramer S
Taylor, Samantha Jo
Thomas, Melissa
Thompson, Brittany Tinsley, Mary Alice
Tucker, Stacey L
Turner, Norma L
Tuten, Jerilyn
Vandusen, Joan Marie
Vanover, Kayla C
West, Sherri Dawn
Wetzel, Sabrina C
Whitis, Kori Dawn
Willett, Jennifer B
Williams, Robin L

Woods, Cher
Wyatt, Kimberly M
Yates, Kristy J

# EXHIBIT F

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM On Behalf of HERSELF and All Others Similarly Situated, | ) ) ) | |
| | ) | COLLECTIVE AND CLASS ACTION |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:17-cv-00703 |
| | ) | |
| INTREPID U.S.A., INC., AND F.C. OF | ) | JUDGE BOOM |
| KENTUCKY, INC., d/b/a INTREPID USA | ) | |
| HEALTHCARE SERVICES, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

**NOTICE OF CLASS ACTION, PROPOSED SETTLEMENT, AND FAIRNESS HEARING**

To:     **All former and current home health workers employed by Intrepid full time in the position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Intrepid's Kentucky locations at any time from November 22, 2012 to November 13, 2018 to provide in-home health care services to patients.**

Based on information in Intrepid's records, you are a Class Member who is entitled to participate in the proposed settlement of claims asserted in the case captioned *Mitcham, et al. v. Intrepid U.S.A., Inc et al.*, No. 3:17-cv-00703 (W.D. Ky. 2017) in the United States District Court for the Western District of Kentucky. Please read this Notice carefully. It contains important information about your rights concerning the class action settlement described below.

To participate in the settlement, you do not need to do anything at this time. More information about how to participate can be found in Section 6.c below. Class Members are encouraged to participate in this settlement. The law prohibits retaliation against current or former employees for participating in a settlement.

If you do not want to participate in the settlement, you must exclude yourself by mailing the enclosed Opt-Out Statement to the Claims Administrator (as identified below), so that the Claims Administrator receives it no later than _____.

24

Unless you "opt out" of this case and the settlement by submitting an Opt-Out Statement that is received by the Claims Administrator by _____, you will be bound by the release in Section 6.b., regardless of whether you receive money. See Section 9 below for additional information.

This notice explains the nature of this case and the terms of the proposed settlement and informs you of your rights and obligations. This Notice is not an expression of any opinion by the Court as to the merits of any of the claims or defenses asserted by the parties.

This Notice contains information about the following topics:

1.    What is this case about?
2.    What is a class action?
3.    What is the purpose of this Notice?
4.    Who is included in the case?
5.    Who are the lawyers for the class?
6.    What are the benefits and terms of the proposed settlement (including information about how you can participate in the settlement)?
7.    When is the fairness hearing to approve the proposed settlement?
8.    How can you object to the proposed settlement?
9.    How can you opt out of the settlement?
10.   How can you examine court records?
11.   What if you have questions?

**1.    What is this Case about?**

On November 22, 2017, an employee of Intrepid ("Plaintiff") brought this case, in which she claimed that Intrepid violated the Fair Labor Standards Act ("FLSA") and the Kentucky Wages and Hours Act ("KWHA") by failing to properly pay for all overtime work, including travel time and charting time. Plaintiff sought recovery of statutory damages, interest, attorneys' fees and costs, and other relief.

Intrepid has denied and continues to deny any wrongdoing and denies any and all liability and damages to anyone with respect to the alleged facts or causes of action asserted in this case. To avoid the burden, expense, inconvenience, and uncertainty of continued litigation, however, Intrepid has agreed to enter into a settlement agreement without any admission of wrongdoing (the "Settlement").

This case is presently before Judge Claria Horn Boom, U.S. District Judge for the U.S. District Court for the Western District of Kentucky. Judge Boom has not made any decision on the merits of the claims asserted in this litigation. On _____, the Court conditionally certified this matter as a class action for purposes of settlement and granted preliminary approval of the Settlement, subject to a fairness hearing which will take place on _____.

**2.      What is a Class Action?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. One or more representative plaintiffs, also known as the "Class Representatives," file a lawsuit asserting claims on behalf of the entire class.

**3.      What is the Purpose of this Notice?**

Judge Boom has ordered that this Notice be sent to you because you are a Class Member. The purpose of this Notice is to inform you of the proposed Settlement and of your rights, including:

- To inform you of your rights to "opt out" of the settlement class, and thereby preserve your ability to independently bring any claims you might have;
- To inform you of your right to file objections to the Settlement; and
- To inform you of the steps you must take to receive any share of the Settlement funds.

**4.      Who is Included in the Case?**

You are a Class Member if you are a former or current non-exempt home health worker who has been employed by Intrepid as a Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Intrepid's Kentucky locations at any time from November 22, 2012 to November 13, 2018 to provide in home health care services to patients and were paid on a fee per visit basis and performed 20 or more visits during any week within this time period. If you previously filed a notice of consent to join this lawsuit pursuant to Section 216(b) of the FLSA you are not a Class Member. You are also not a Class Member if you entered into the settlement in the case *Paine et al. v. Intrepid U.S.A., Inc.,* No. 3:14-cv-02005 (M.D. Tenn. 2017).

Specifically, the Court conditionally certified the following class definition for purposes of settlement:

All former and current non-exempt home health workers employed by Defendants in the position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Defendants' Kentucky locations at the time from November 22, 2012 to November 13, 2018 to provide in home health care services to patients, performed 20 or more visits during any week within this time period and who were paid on a fee per visit basis, but excluding any individuals who entered into the settlement in the case, *Paine et al. v. Intrepid U.S.A., Inc.,* No. 3:14-cv-02005 (M.D. Tenn. 2017) ("Class Members") and excluding any individual who joined this action by filing a consent form pursuant to 216(b) of the Fair Labor Standards Act ("FLSA").

**5.      Who are the Lawyers for the Class?**

The Court has approved and appointed the following lawyers as Class Counsel:

David W. Garrison
Joshua A. Frank
Barrett Johnston Martin & Garrison, LLC
414 Union Street, Suite 900
Nashville, TN 37219
Telephone: (615) 244-2202

**6.    What are the Benefits and Terms of the Proposed Settlement?**

The parties have agreed to the Settlement summarized below. The complete terms and conditions of the proposed Settlement are on file with the Clerk of Court at the address listed below in Section 10. The parties' obligations under the Settlement will not become effective unless and until the Settlement receives final approval from the Court, including the exhaustion of any appeals.

*a.    What are the benefits of the settlement?*

Class Members who do not timely "opt out" or object to the Settlement are eligible to claim and receive payments in the amounts listed in Section 6(d) below.

*b.    What is the legal effect of participating in the Settlement?*

If the Court grants final approval of the Settlement, the claims asserted in this case will be dismissed with prejudice and Class Members who do not opt out will fully release and discharge Intrepid and its related entities from all wage-related disputes and claims, including those arising under or related to FLSA, 29 U.S.C. §201, *et seq.* and the KWHA, Ky. Rev. Stat. Ann. §§ 337.275, *et seq.* known or unknown, of any kind whatsoever. The foregoing release does not include wage-related claims brought pursuant to Title VII, the Family and Medical Leave Act, ERISA, the Americans with Disabilities or the Age Discrimination in Employment Act. When claims are "released," that means that a person covered by the release cannot sue Intrepid for any of the claims that are covered by the release.

The exact terms of the release in the Settlement read:

Each Settlement Class Member, hereby irrevocably and unconditionally forever and fully releases and covenants not to sue Defendants and the Released Parties from any and all past and present matters, claims, demands, and causes of action, whether known or unknown, that were or could have been asserted in the Lawsuit based on the facts alleged for alleged unpaid wages, overtime compensation, liquidated or other damages, penalties, costs, attorneys' fees, and any other relief available for any such claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., KWHA, Ky. Rev. Stat. § 337.010, et seq., Ky. Rev. Stat. § 446.070, and any other similar state or federal statute, regulation or common law regarding the payment of wages (including claims for breach of contract,

unjust enrichment or quantum meruit), provided that this release of wage and hour claims does not include claims for lost wages brought pursuant to Title VII, the Family and Medical Leave Act, ERISA, the Americans with Disabilities Act or the Age Discrimination in Employment Act.

    *c.    How can I participate in the settlement?*

If you wish to receive payment in connection with the Settlement you do not need to do anything at this time. At the conclusion of the time periods set out by the Court, Class Members will receive a post card confirmation to fill out and submit. Class Members will receive their checks after first returning the approved post card confirmation. You will receive your checks via mail at the address indicated by the returned post card. You will receive more information later about returning any required claim form if the Court gives final approval of the settlement.

    *d.    How was my share calculated?*

The Defendants have agreed to pay $174,500.00 into a settlement fund for Class Members to settle the claims of Class Members in this Lawsuit. Deductions from this amount will be made for: (1) settlement claims administration costs; (2) a service award in the amount of $7,000 to Tina Mitcham for her service to the settlement class in the Lawsuit; and (3) the employer share of payroll taxes. After deductions of these amounts, what remains is the "Net Settlement Amount"

Your share of the "Net Settlement Amount" will be calculated by using your total gross earnings and total workweeks worked for Intrepid from November 22, 2012 to January 11, 2019. Half of your settlement amount will be based on your *pro rata* share of the Net Settlement Amount, based on your total gross compensation during that time period. The other half of your settlement amount will be determined based on your *pro rata* share of the Net Settlement Amount, based on your total workweeks worked during that time period.

Based on these calculations, the average amount each Rule 23 class member, including you, will be eligible to claim and receive is $1,250.00.

The terms of the Settlement provide that Class Counsel will receive $142,500.00 as attorneys' fees and costs, but that amount will be paid by Defendants in addition to (and not from) the $175,500.00 settlement fund for Class Members. In other words, the fees and costs paid by Defendant to Class Counsel will not impact the amount of the share of the settlement you may claim.

**7.    When is the Fairness Hearing to Approve the Settlement?**

The Court has granted preliminary approval of the proposed Settlement. This means that the Court has made a preliminary finding that the Settlement is fair, adequate, and reasonable and that the proposed distribution of the Settlement amount is fair, adequate, and reasonable. The Court

will hold a hearing to determine whether final approval of the Settlement should be granted. At the hearing, the Court will hear objections, if any, and arguments concerning the fairness of the proposed Settlement. The hearing will take place before Judge Boom on _____ at _____ in 601 W. Broadway Ste 106 Louisville, KY 40202. The court will also consider the reasonableness of Class Counsel's fees and costs and the service payment sought by Plaintiff, who acted as Class Representative. The time and date of this hearing may be continued or adjourned, so please contact Class Counsel prior to the date of the hearing if you plan to attend.

**YOU ARE NOT OBLIGATED TO ATTEND THIS HEARING. YOU MAY ATTEND THE HEARING IF YOU OBJECT TO THE SETTLEMENT. YOU MAY ALSO RETAIN YOUR OWN ATTORNEY TO REPRESENT YOU IN YOUR OBJECTIONS. IF YOU WISH TO ATTEND THE HEARING, YOU MUST SUBMIT A WRITTEN OBJECTION AS DESCRIBED IN THE FOLLOWING SECTION AND MUST STATE IN WRITING YOUR INTENTION TO APPEAR AT THE FAIRNESS HEARING.**

**8.     How can you Object to the Proposed Settlement?**

If you want to object to the Settlement, you may submit a written statement of the objection to the Claims Administrator at the address below. Your objection will not be heard unless it is mailed to the Claims Administrator via United States mail, postage prepaid, and is received by the Claims Administrator no later than _____. The Objection need not be in any specific form; a short and simple statement of your objection is sufficient. You do not need to be represented by counsel to object. If you wish to present you objection at the fairness hearing, you must state your intention to do so in your written objection.

The Claims Administrator's address is [fill in].

**9.     How can you opt out of the Settlement?**

You have the right to exclude yourself, and yourself only, from this case and the Settlement. If you choose to exclude yourself, you will not be barred from seeking relief with respect to any legal claims and will be free to pursue an individual claim, if any, against Intrepid, but you will not be eligible to receive the benefits of this Settlement. If you intend to exclude yourself, you must complete the enclosed Opt-Out Statement and mail it to the Claims Administrator. The Opt-Out Statement must be mailed to the Claims Administrator via United States mail, postage prepaid, and be received by the Claims Administrator by _____. You should NOT complete the Opt-Out Statement if you wish to participate in the Settlement.

**10.    How can you Examine Court Records?**

The foregoing description of this case is a general summary of the lawsuit, the Settlement and related matters and does not cover all of the issues and proceedings thus far. To see the complete file, including a copy of the Settlement, you should visit the Clerk of Court at 601 W. Broadway Louisville, KY 40202. The Clerk will make all files relating to the Civil Action available to you for inspection and copying at your own expense.

**11. What if you have Questions?**

If you have questions about this Notice, or want additional information, you can contact Class Counsel at the phone numbers and addresses listed in Section 5 above.  PLEASE DO NOT CONTACT THE COURT.

Dated: _____.


This Notice is sent to you by Order of the United States District Court for the Western District of Kentucky.

# EXHIBIT G

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM on Behalf of Herself and | ) | |
| All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 3:17-cv-00703 |
| v. | ) | |
| | ) | JUDGE BOOM |
| INTREPID U.S.A., INC., and F.C. OF | ) | |
| KENTUCKY, INC., d/b/a INTREPID USA | ) | OPT-OUT STATEMENT |
| HEALTHCARE SERVICES, | ) | |
| | ) | |
| Defendants. | ) | |

**SUBMIT THIS FORM ONLY IF YOU <u>DO NOT</u> WISH TO REMAIN A
CLASS MEMBER.  IF YOU SUBMIT THIS FORM, YOU <u>WILL NOT</u>
RECEIVE ANY MONEY FROM THE SETTLEMENT OF WAGE CLAIMS.**

I wish to opt-out of the class settlement of *Mitcham, et al. v. Intrepid U.S.A. Inc., and F.C. of Kentucky, Inc., d/b/a Intrepid USA Healthcare Services.*  I understand that by opting out, I will be excluded from the class settlement and will receive no money from the settlement.  I understand that if I opt out, I can file my own separate lawsuit.  I understand that in any separate lawsuit, it is possible that I may receive nothing or less than I would have received if I had participated in the settlement in this lawsuit.  I understand that any separate lawsuit undertaken by me will be undertaken at my own expense and at my own risk.  I understand that counsel for the class will not represent my interests if I opt out.

_____

Print Name

_____

Last Four Digits of your Social Security Number

32

_____

Signature


**SEND TO CLAIMS ADMINSTRATOR AT:**


**MUST BE SENT BY U.S. MAIL AND RECEIVED BY THE CLAIMS ADMINSTRATOR NO LATER THAN [DATE].  WE ADVISE YOU TO KEEP A COPY FOR YOUR RECORDS – YOU MAY WISH TO MAIL RETURN RECEIPT REQUESTED.**

33

# EXHIBIT H

*Mitcham, et al. v. Intrepid U.S.A. Inc., and F.C. of Kentucky, Inc., d/b/a Intrepid USA Healthcare Services* **Case No.  3:17-cv-00703**

[mail merge full name]
[mail merge address]

The records of  Intrepid USA, Inc., indicate that  your settlement share is _____ as a class member in this case.  Please verify your identity by providing the last four digits of your Social Security Number and  verify your address above  my signing below.  If the address above is incorrect, please give the correct address in the space below.  The address you list is the address where the check will be mailed.

Address Correction Only:

_____          _____
Street Address or P.O. Box Number                 Last Four Digits of Social Security Number

_____
City, State and Zip Code

    I declare under penalty of perjury that the above information is correct.

_____                                 _____
Date                                              Signature

35

# EXHIBIT I

**EXHIBIT I**

**RULE 23 CLASS MEMBERS EXAMPLE ALLOCATION AMOUNTS**

| Employee Name | Payment |
|---|---|
| Abrams, Rose L | $ 3,074.30 |
| Austin, Tabitha | $ 484.37 |
| Baker, Morgan D. | $ 70.82 |
| Baker, Shana N | $ 2,360.42 |
| Bartlett, Heather L | $ 168.70 |
| Beirman, Tammy Kay | $ 144.76 |
| Howard, Julie Ann | $ 1,152.43 |
| Blevins, Amanda D | $ 2,465.34 |
| Bouland, Jalyn K | $ 254.57 |
| Boyer, Dawn L | $ 1,577.82 |
| Brammer, Patsy | $ 594.88 |
| Bratton, Jessica K | $ 463.76 |
| Brown, Helen E | $ 370.18 |
| Burns, Debra Kay | $ 1,980.59 |
| Cambron, Susan C | $ 618.97 |
| Canada, Amanda | $ 1,434.78 |
| Carter, Stephanie Rene | $ 350.18 |
| Cecil, Stephanie N | $ 154.09 |
| Champion, Loreen C | $ 2,313.30 |
| Clark, William K | $ 1,144.94 |
| Clouse, Matthew R | $ 846.26 |
| Coffey, Myrtle P | $ 2,557.99 |
| Coleman, Radasha J | $ 481.37 |
| Collins, Linda S | $ 244.66 |
| Copass, Rebecca J | $ 340.58 |
| Coulter, Lillie Marie | $ 726.82 |
| Coyner, Monna Jo | $ 1,536.58 |
| Cross, Barbara | $ 1,136.91 |
| Darnell, Nicholas A | $ 862.41 |

| | | |
|---|---|---|
| Day, Amy | $ | 1,065.91 |
| Depriest, Patricia A | $ | 2,273.10 |
| Downs, Angela Marie | $ | 1,769.34 |
| Downs, Eunice Figg | $ | 1,374.07 |

| | | |
|---|---|---|
| Duff, James D | $ | 226.42 |
| Eastridge, Teri Kay | $ | 3,266.20 |
| Edlin, Derek T | $ | 1,155.10 |
| Edwards, Barbara D | $ | 132.77 |
| Edwards, Cindy Marie | $ | 1,196.60 |
| Edwards, James R | $ | 6,503.19 |
| Edwards, Kelli C | $ | 5,031.46 |
| Eubank, Daniel S | $ | 1,821.24 |
| Evans, Mary | $ | 882.85 |
| Feese, Tiana R | $ | 545.42 |
| Fentress, Deana Michelle | $ | 2,225.91 |
| Followell, Shayna Leanne | $ | 372.03 |
| Gabbard, Leslie Brooke | $ | 2,336.32 |
| Gabhart, Ashley Marie | $ | 1,811.37 |
| Garcia, Nelda | $ | 1,019.52 |
| Garmon, Susan L | $ | 73.52 |
| Gaylord, Jennifer Leann | $ | 1,189.93 |
| Gill, Lisa G | $ | 1,876.41 |
| Gilreath, Brandy M | $ | 904.74 |
| Glovier, Brandy K | $ | 343.46 |
| Gray, Amber M | $ | 501.85 |
| Guthrie, Bridgett R | $ | 210.09 |
| Hack, Heather L | $ | 2,466.26 |
| Hargis, Terry Allen | $ | 380.66 |
| Harness, Regina L | $ | 750.27 |
| Harrison, Dana Lynn | $ | 3,389.35 |
| Haynes, Ryan Edward | $ | 1,863.60 |
| Hinson, Kathy | $ | 74.92 |

38

| | | |
|---|---|---|
| Hutchins, Mary Julia | $ | 538.68 |
| Jaggers, Talana | $ | 94.91 |
| Johnson, Rebecca Emily | $ | 780.59 |
| Kenley-Anjanel-Hernandez, Laken | $ | 163.97 |
| Larrison, Megan Jayne | $ | 98.69 |
| Lawrence, Deborah W | $ | 4,667.59 |
| Logsdon, Toria D | $ | 1,317.95 |
| Long, Kim M | $ | 66.33 |
| Lowhorn, Alisha S | $ | 636.87 |

| | | |
|---|---|---|
| Marsh, Brittany Danielle | $ | 346.45 |
| Martin, Elizabeth | $ | 736.71 |
| Martin, Jalen M | $ | 309.31 |
| Mattingly, Stacy Thompson | $ | 1,202.72 |
| McCartney, Lea A | $ | 934.32 |
| McClelland, Elizabeth A | $ | 454.10 |
| McCuiston, Juli A | $ | 809.65 |
| Meredith, Chasity M | $ | 1,174.75 |
| Merrell, Rachel | $ | 1,696.79 |
| Miles, Andrea | $ | 3,762.89 |
| Miller, Kassie N | $ | 764.56 |
| Moffitt, Mary | $ | 3,208.51 |
| Morris, Samantha A | $ | 391.79 |
| Mosley, Ashley N | $ | 2,273.01 |
| Muff, Carol J | $ | 227.89 |
| Mullins, Brittany P | $ | 653.02 |
| Mullins, Jamie A | $ | 4,151.97 |
| Newton, Miranda Lynn | $ | 961.24 |
| Newton, Vickie | $ | 1,888.29 |
| Pawley, Karen | $ | 179.34 |
| Pennington, Crystal L | $ | 329.82 |
| Pilcher, Beverly L. | $ | 1,224.80 |
| Plemmons, Caryn M | $ | 998.53 |

| | | |
|---|---|---|
| Raisor, Ashley N | $ | 890.60 |
| Johnson, Rebecca Emily | $ | 1,209.47 |
| Reeves, Carla R | $ | 508.35 |
| Riggins, Sara B | $ | 837.25 |
| Roach, Laura Dakota | $ | 99.40 |
| Robertson, Teresa L | $ | 4,327.97 |
| Rodgers, Kristen F | $ | 772.90 |
| Rose, Rebecca A | $ | 92.72 |
| Russell, Norma L | $ | 1,591.82 |
| Russell, Patricia A | $ | 1,908.48 |
| Sapp, Shantelle Essex | $ | 1,893.84 |
| Saprissa Alfaro, Roberto Eduardo | $ | 1,048.06 |
| Seale, Jamie L | $ | 1,351.87 |
| Skeeters, Mendi Lea | $ | 1,094.17 |
| Skinner, Laura | $ | 673.70 |
| Smith, Alina V. | $ | 1,149.92 |
| Smith, Candace Shelsey | $ | 189.98 |
| Spalding, Stephanie | $ | 1,743.95 |
| Speed, George Caleb | $ | 2,382.91 |
| Steelman, Mandi | $ | 1,428.98 |
| Stephens, Phyllis J | $ | 1,747.80 |
| Stewart, Charmaine | $ | 2,428.91 |
| Stone, Joanie L | $ | 293.95 |
| Sweeten, Kramer S | $ | 261.68 |
| Taylor, Samantha Jo | $ | 1,186.05 |
| Thomas, Melissa | $ | 1,245.27 |
| Thompson, Brittany | $ | 2,135.06 |
| Tinsley, Mary Alice | $ | 1,043.34 |
| Tucker, Stacey L | $ | 276.86 |
| Turner, Norma L | $ | 884.55 |
| Tuten, Jerilyn | $ | 594.91 |
| Vandusen, Joan Marie | $ | 1,514.61 |
| Vanover, Kayla C | $ | 1,127.34 |

| | | |
|---|---|---|
| West, Sherri Dawn | $ | 576.11 |
| Wetzel, Sabrina C | $ | 1,400.39 |
| Whitis, Kori Dawn | $ | 2,950.17 |
| Willett, Jennifer B | $ | 2,694.71 |
| Williams, Robin L | $ | 1,779.03 |
| Woods, Cher | $ | 879.95 |
| Wyatt, Kimberly M | $ | 1,087.05 |
| Yates, Kristy J | $ | 203.22 |
| **TOTAL** | **$** | **167,500.00** |

37420571.1

41