UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TINA MITCHAM, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INTREPID U.S.A., INC., et al.,<br><br>Defendants. | Civil Action No. 3:17-CV-703-CHB<br><br>**OPINION AND ORDER CONDITIONALLY APPROVING 216(b) SETTLEMENT** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Tina Mitcham ("Plaintiff"), individually and on behalf of similarly situated individuals, and Defendants Intrepid U.S.A., Inc. and F.C. of Kentucky, Inc., d/b/a Intrepid USA Healthcare Services ("Intrepid" or "Defendants," collectively with Plaintiff, the "Parties") have reached a comprehensive settlement in this case. Before the Court are two related motions to approve two settlements that resolve two separate claims. The Court will address each by separate Opinion and Order. The instant Opinion and Order addresses the Parties' Joint Motion for Approval of Section 216(b) Settlement of this collective action arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). [R. 50; R. 51, Parties' Mem. in Supp] For the following reasons, the Court **conditionally grants** the Parties' Section 216(b) Settlement, pending the Parties' briefing of attorneys' fees, addressed more fully in the Court's concurrent Opinion and Order.

I.  **Background**

On November 22, 2017, Plaintiff filed this action, seeking unpaid overtime pay owed under the FLSA and under Kentucky state law, Ky. Rev. Stat. §§ 337.275, *et seq.* [R. 1, Compl., at ¶ 1] Plaintiff also brought this action under Fed. R. Civ. P. 23. *Id.* at ¶¶ 26-36. This portion of

the settlement only addresses individuals who opted into the FLSA collective action or are otherwise named Plaintiffs.

On April 18, 2018, the Parties moved for conditional certification and Court-approved notice to putative class members pursuant to Section 216(b). [R. 24] The Court granted conditional certification and Court supervised notice on May 30, 2018. [R. 32] The Court conditionally certified the following collective class:

> All former and current non-exempt home health workers employed by Defendants in the position of Licensed Practical Nurse, Physical Therapist Assistant, Certified Occupational Therapy Assistant or Home Health Aid at any of defendants' Kentucky locations at any time within the period beginning three years prior to the filing date of this Stipulation to provide in home health care services to patients and who were paid on a fee per visit basis, but excluding any individual who entered into the settlement in the case, *Paine et. al. v. Intrepid U.S.A., Inc.*, 3:14-CV-02005 (M.D. Tenn. 2017).

*Id.* at ¶ 3. Following the close of the opt-in period, the Parties participated in mediation and ultimately reached a settlement. [R. 47] The Parties then submitted a Joint Status Report and Joint Motion to Set Schedule for Seeking Court Approval of Settlement. *Id.* The Court granted the Parties' motion and held a telephonic status conference to outline the schedule of settlement briefing. [R. 48; R. 49]

Pursuant to the Parties' settlement agreement (the "Settlement Agreement"), Defendants agree to pay the Section 216(b) Plaintiffs (the "Original Class Members") an aggregate gross amount of $23,000. [R. 51, Mem. in Supp., at p. 2; R. 51-1, Ex. 1, Settlement Agreement, at p. 9, ¶ 4.3] The Original Class Members consist of 8 individuals, including the Named Plaintiff, Tina Mitcham, "who are current or former non-exempt home health workers at Intrepid in Kentucky (1) who worked at any time since April 18, 2015; (2) whose pay was computed on a fee per visit basis; and (3) who filed consents to join the present lawsuit brought by Named Plaintiff Tina Mitcham." *Id.* "Opt-In Plaintiffs" refers to the Opt-In Plaintiffs excluding the Named Plaintiff. *Id.*

According to the Agreement, "[e]ach Opt-In Plaintiff's payment is based on a determination of overtime compensation calculated by including alleged unrecorded compensable travel time and other alleged unrecorded work time, including time spent charting for patients outside of their in-home visits." *Id.* (citing [R. 51-2, Ex. 2, Dec. David Garrison, at ¶¶ 10, 12]). Plaintiff's counsel also seek a service award for Plaintiff Mitcham in the amount of $7,000 for her efforts in serving as Named Plaintiff in this action. *Id.* at pp. 2-3.

In exchange for Defendants payments, the Original Class Members agree to release Defendant Intrepid and its related entities and persons "from claims for unpaid wages, penalties, liquidated damages, costs, attorneys' fees, and any other relief under the [FLSA], the Kentucky Wages and Hours Act, KY. Rev. Stat. § 337.010 et seq., Ky. Rev. Stat. § 446.070 based on the facts and allegations set forth in the Complaint in this action." *Id.* In addition to the service fee, Plaintiff's counsel also requests attorneys' fees and expenses in the total amount of $142,500 in addition to the 216(b) Settlement Fund and the Rule 23 Settlement Fund. *Id.*

## II. Legal Standard

**FLSA**

Plaintiff brought this case under Section 216(b) of the FLSA. [R. 1, Compl., at ¶¶ 3, 20-25] "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Services, LLC,* 2011 WL 2532922, at *2 (S.D. Ohio Jun. 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352–53 (11th Cir. 1982)). Accordingly, as with the Plaintiff's class action claims brought under Fed. R. Civ. P. 23, this action cannot be settled without the Court's approval. Thus, "[t]he Court's role in this situation is in many ways comparable to, but in others quite distinguishable from, that of a court in a settlement of a class

action brought pursuant to Fed. R. Civ. P. 23, and derives from the special character of the substantive labor rights involved." *Crawford v. Lexington-Fayette Urban Cty. Gov't,* No. CIV. A. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008) (quoting *Collins v. Sanderson Farms, Inc.,* 568 F.Supp.2d 714 (E.D. La. July 9, 2008)).

To approve the Parties' Settlement Agreement, the Court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement under Federal Rule of Civil Procedure 23); *Brittmon v. Upreach LLC*, No. 2:17-CV-219, 2018 WL 7889855, at *1 (S.D. Ohio Nov. 8, 2018) (same standard for reasonableness in Rule 23 settlements guides the Court's review of FLSA settlements). To aid the Court in its determination of whether the Settlement Agreement is fair, reasonable, and adequate, the Sixth Circuit has identified six factors to consider: "(1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Id.* (citing *Granada Invs., Inc. v. DWG Corp.,* 962 F.2d 1203, 1205 (6th Cir. 1992)); *Williams v. Vukovich,* 720 F.2d 909, 922–23 (6th Cir.1983). "The Court may choose to consider only those factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Redington v. Goodyear Tire & Rubber Co.,* 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008) (citing *Granada*, 962 F.2d at 1205–06). The Court will use some of these factors to guide its evaluation of whether the proposed settlement is fair and reasonable.

In addition, the Court also must consider the reasonableness of the agreed upon attorney's fees. Under Section 216(b), an award of attorney fees to the prevailing party is mandatory, "but the amount of the award is within the discretion of the judge." *Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984)). Further, "[s]ince the FLSA does not discuss what constitutes a reasonable fee, '[t]he determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees.'" *Id.* (quoting *United Slate*, 732 F.2d at 501). The Court must determine the reasonableness of the fee, even when it is negotiated as part of a settlement agreement. *Thompson v. United Stone,* LLC, No. 1: 140-CV-224, 2015 WL 8677988, at *2 (E.D. Tenn. March 2, 2015) (citing *Lliguichuzhca v. Cinema 60, LLC*, 948 F.Supp.2d 362, 366 (S.D. N.Y. 2013)).

### III.    Discussion

The Court concludes that the Parties' Settlement Agreement represents a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Gen. Motors Corp.*, 497 F.3d at 631. This litigation introduced a question of whether the Defendants' pay structure satisfied the FLSA requirements as to Plaintiff and the Original Class Members, presenting a bona fide legal dispute for the Court. The Court will address the relevant factors below in reaching its conclusion of fairness, reasonableness, and adequateness.

1.      **The Risk of Fraud or Collusion**

The Court finds that the Parties' Settlement Agreement does not indicate any suggestion of fraud or collusion. The Settlement Agreement was conducted by arm's length negotiations by the Parties' counsel, who engaged a private mediator to facilitate ongoing settlement discussions with the Parties. [R. 51, Mem. in Supp., at pp. 7-8] Both Parties were represented by able counsel and worked with the selected mediator even after the Parties' mediation was unsuccessful to achieve a settlement several weeks after. *Id.*

2.  **The Complexity, Expense, and Likely Duration of Litigation**

The Parties advise the Court that absent the Settlement Agreement, Plaintiffs' claims would be "vigorously litigated through dispositive motions, Plaintiffs' motion for Rule 23 certification, [Defendants'] motion for decertification, and trial." *Id.* at p. 8. Further, the litigation "would likely continue for several years." *Id.* Therefore, both parties would likely incur substantial additional legal fees and expenses absent settlement. Plaintiffs' counsel estimates that dispositive motion practice alone could incur as much as $400,000 in attorneys' fees and costs. Given the complexities of the claims at issue, the extended duration of continued litigation, settlement weighs heavily in favor of the Parties and judicial economy.

3.  **The Amount of Discovery Engaged in by the Parties**

The Court is satisfied that the Settlement Agreement was reached after thorough discovery between the Parties. Plaintiffs conducted a Rule 30(b)(6) deposition that focused on numerous topics, including Intrepid's policies and pay practices regarding non-exempt home health workers in Kentucky; any differences in pay between non-exempt home health workers in Intrepid's Kentucky offices; and how Intrepid's payroll systems determined compensation for its non-exempt home health workers in Kentucky. *Id.* at p. 9. The Parties' Settlement Agreement

was also informed by "significant" written discovery and Plaintiffs' counsel's review of hundreds of pages of documents related to Plaintiffs' claims.

**4.      The Opinions of Class Counsel and Class Representatives**[1]

In presenting the Court with their Opinion on the Parties' Settlement Agreement, Plaintiffs' counsel first advised the Court of their experience in collective action cases generally. *See Id.* at p. 11. In their view, the Settlement Agreement affords the Original Class Members and the future opt-out class with "significant and meaningful financial benefits." *Id.* Further, this settlement process was conducted with the Named Plaintiff's involvement, who had meaningful opportunity to participate at every stage. Both Class Counsel and the Named Plaintiff believe this Settlement Agreement is a fair and reasonable outcome. *Id.* The Court notes that as the Named Plaintiff, Ms. Mitcham's opinion carries some weight, as it was her case that brought this lawsuit and ultimately its resolution.

**5.      The Public Interest**

"If the settlement reflects a reasonable compromise over issues actually disputed, such as FLSA coverage or computation of back wages, a court may approve a settlement to "promote the policy of encouraging settlement of litigation." *Crawford*, 2008 WL 4724499, at *9 (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.) The Court favors settlement as the preferred means of resolving litigation.

Upon considering all the factors above, the Court concludes that on balance they weigh in favor of approving the Parties' Settlement Agreement. The Court finds that it is a fair and reasonable settlement of a bona fide dispute.

**B.      Attorneys' Fees**

---

[1] The Fourth factor, Plaintiff's Likelihood of Success on the Merits, is not relevant to the settlement at hand, and so the Court chooses not to consider it here. *Redington*, 2008 WL 3981461, at *11.

The Court next turns to the reasonableness of the proposed attorneys' fees in this matter. In this case, Plaintiffs' counsel asks the Court to find reasonable an award of $142,500. In support, counsel advises the Court that its total attorneys' fees and expenses actually incurred are $159,940.31 in addition to the projected $20,000 in attorneys' fees that will be incurred through administration of the proposed settlement, but that the Settlement Agreement provides for $142,500, representing an approximate $37,000 reduction. *Id.* The hourly rates charged by Plaintiffs' counsel ($485/hour for a Partner's time, $285/hour for an Associate's time, and $150/hour for Professional Staff's time) are consistent with market rates throughout Kentucky and Tennessee (where Plaintiffs' counsel is based). According to the Declaration of David W. Garrison, Esq., Plaintiff's Counsel would assess "the specific needs of the case and the skills, talents, and experience of the attorneys and staff available to work on it" before making assignments. [R. 51-2, Ex. 2, Decl. David W. Garrison, at ¶ 18] Still, counsel provides the Court with no hours worked, no time sheets, and no other evidence, save the declarations of Plaintiffs' attorneys, who attest that they've done considerable work during discovery to get this case towards resolution. Moreover, they allege that despite the relatively small amount recovered for the Original Class Members, it is still an excellent result. [R. 51, Mem. in Supp., at p 13] Further, counsel alleges that there need be "no numeric relationship . . . between the amount of economic losses recovered and the amount of fees recoverable." *Id.* (citing *Fegley v. Higging*, 19 F.3d 1126, 1134-43)). That may be so. However, the Parties' Settlement Agreement provides for $23,000 in total wages and additional awards to those who joined the litigation pursuant to Section 216(b). *Id.* at pp. 14-15. But the Court is not being asked to approve this Section 216(b) Settlement in isolation. Instead, the Court must approve the entire settlement, reviewing the reasonableness of attorneys' fees in the context of the Rule 23 Class Settlement as well. As the

Court has additional questions regarding the reasonableness of the fees against this unrepresented class, the Court will conditionally approve the Section 216(b) Class Settlement pending further briefing on this issue.

Based on the above, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Parties' Joint Motion for Approval of Section 216(b) Settlement [**R. 50**] is **CONDITIONALLY GRANTED**, pending resolution of the reasonableness of the proposed attorneys' fees.

2. The Attorney's Fees requested as a part of the Parties' Settlement Agreement [**R. 50**; **R. 51**] are taken under advisement pending further briefing announced in the Court's Concurrent Opinion and Order.

This the 28th day of May, 2019.

*/s/ Claria Horn Boom*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of record