UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| TINA MITCHAM, On Behalf of Herself and All Others Similarly Situated, | ) ) ) | |
| | ) | Civil Action No. 3:17-CV-703-CHB |
| Plaintiff, | ) ) | |
| v. | ) ) | **OPINION AND ORDER** |
| | ) | **CONDITIONALLY APPROVING** |
| INTREPID U.S.A., INC., et al., | ) ) | **RULE 23 ACTION SETTLEMENT** |
| Defendants. | | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on the Parties' Joint Motion for Order Preliminarily Approving Rule 23 Class Action Settlement. [R. 52; R. 53] Named Plaintiff and proposed Class Representative, Tina Mitcham (the "Class Representative" or "Plaintiff"), and Defendants Intrepid U.S.A., Inc. and F.C. of Kentucky, Inc., d/b/a Intrepid USA Healthcare Services ("Intrepid" or "Defendants," collectively with Plaintiff, the "Parties") jointly move the Court to approve the Rule 23 Settlement in this action, and seek the following relief:

1. For certification, for settlement purposes only, of a settlement class (the "Settlement Class" or "Rule 23 Class") pursuant to Federal Rule of Civil Procedure 23(a) and 23(b)(3).

2. For appointment, for settlement purposes only, of Named Plaintiff Tina Mitcham as Class Representative.

3. For appointment, for settlement purposes only, the Plaintiff's attorneys, David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC as Class Counsel for the Rule 23 Class.

4. For preliminary approval of the Settlement Agreement (the "Settlement Agreement") with regard to the Parties' Rule 23 Class (the "Rule 23 Settlement").

5. For approval of RG2 Claims Administration to act as the settlement claims administrator and to send the Rule 23 Class Members a proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing ("Class Notice") and a proposed Opt-Out Statement (collectively "Notice Materials").

6. To schedule a Fairness Hearing pursuant to Fed. R. Civ. P. 23(e) for final approval of the Settlement, consistent with the Parties' proposed time frame.

[R. 52, Joint Mot., at pp. 1-2] For the reasons set forth below and for purposes of settlement only, the Court will certify the settlement class, will appoint the Named Plaintiff as Class Representative, will appoint the Plaintiff's attorneys as Class Counsel, will approve of RG2 Claims Administration to act as settlement claims administrator and to send out Class Notice Materials pending resolution of the attorneys' fees issue, and will preliminarily approve the Settlement Agreement for the Rule 23 Class conditioned upon resolution of the attorneys' fees issue. The Court will address the requested relief in this order.

## I.  Background

The Court incorporates, for reference, the Background in its Opinion and Order Approving 216(b) Settlement, entered concurrently with this Opinion. In addition to the background set forth in that Opinion, and relevant here, the Parties advise the Court of the terms of the separate settlement that applies to the proposed Rule 23 Class (the "Rule 23 Settlement"). The Named Plaintiff's Rule 23 claims arise under the Kentucky Wages and Hours Act ("KWHA"). [R. 53, Mem. in Supp., at p. 2] The Named Plaintiff claims that Defendants failed to properly pay the Rule 23 Class for all time spent working as defined by the KWHA, including overtime. *Id.*; [R. 1, Compl., at ¶¶ 1, 26-36] This Plaintiff sought compensation from Defendants for overtime pay for time spent by the class for performing various work-related activities that she claims were not recorded by Defendants, "including travel time and time spent charting for patients." *Id.* The Named Plaintiff also sought liquidated damages, litigation costs, expenses, reasonable attorneys' fees, and further relief as the Court deems just and proper. Defendants deny these allegations and deny any liability for these claims. However, to avoid further costs, burdens and risks associated with litigation, the Parties have agreed to settle all claims.

## II. Settlement Class

The Parties seek preliminary certification of the Settlement Class defined as:

> All former and current non-exempt home health workers employed by Defendants in the position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational Therapy Assistant, or Home Health Aide at any of Defendants' Kentucky locations from November 22, 2012 to November 13, 2018 to provide in home health care services to patients, who performed 20 or more visits during any week within this time period and who were paid on a fee per visit basis, but excluding any individuals who entered into the settlement in the case, *Paine et al. v. Intrepid U.S.A., Inc.*, No. 3:14-cv-02005 (M.D. Tenn. 2017) ("Class Members") and excluding any individual who joined this Action by filing a consent form pursuant to 216(b) of the Fair Labor Standards Act ("FLSA").

[R. 53, Mem. in Supp., at p. 3; R. 53-1, Ex. 1, Settlement Agreement, at p. 4, ¶ 1.17]

### A. Rule 23(a)-(b) Requirements

This matter is brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. Rule 23 sets certain requirements for the certification of a class action and requires that any dismissal or compromise of the action be approved by the Court. Fed. R. Civ. P. 23(e). The Court "has broad discretion to decide whether to certify a class." *In re Whirlpool Corp. Front-Loading Washer Prod. Liab. Litig.*, 722 F.3d 838, 850 (6th Cir. 2013), *cert. denied*, 134 S. Ct. 1277 (2014). "Class certification is appropriate if the court finds, after conducting a 'rigorous analysis,' that the requirements of Rule 23 have been met." *Id.* at 851 (citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351 (2011)); *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537 (6th Cir. 2012). To be certified under Rule 23, a putative class must satisfy, by a preponderance of the evidence, each of the four requirements of Rule 23(a): numerosity, commonality, typicality, and adequacy. Fed. R. Civ. P. 23; *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279, 287 (S.D. N.Y. 2015) (preponderance standard); *Wagner v. White Castle Sys., Inc.*, 309 F.R.D. 425, 430–31 (S.D. Ohio 2015) (citing *Mielo v. Bob Evans Farms, Inc.,* No. 14–1036, 2015 WL 1299815 (W.D. Penn. Mar. 23, 2015)) (finding plaintiffs had not met their burden for

certification under Rule 23(a)(2) under preponderance standard). In addition, a putative class must satisfy the requirements of one of the three provisions of Rule 23(b). *Id.*

The party seeking class certification bears the burden of proof. *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) (citing *General Tel. Co. v. Falcon,* 457 U.S. 147, 161 (1982). This standard is heightened in the context of class certification for settlement purposes. *Int'l Union, United Auto., Aerospace, & Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007) (finding the Court "must give 'undiluted, even heightened, attention' to its protections before certifying a settlement-only class—one formed just for the purpose of settlement, not for litigation.") (quoting *Amchem Prods., Inc. v. Windsor,* 521 U.S. 591, 620 (1997)).

In addition to the express requirements of Rule 23, the Sixth Circuit requires that a putative class be "sufficiently ascertainable." *Rikos v. P&G*, 799 F.3d 497, 525 (6th Cir. 2015), *cert. denied, P&G v. Rikos*, 136 S. Ct. 1493 (2016). "In our circuit, the ascertainability inquiry is guided by *Young v. Nationwide Mutual Insurance Co.*, 693 F.3d 532 (6th Cir. 2012)." *Id.* Under *Young*, for a putative class to be ascertainable, "'the court must be able to resolve the question of whether class members are included or excluded from the class by reference to objective criteria.'" *Id.* (quoting *Young*, 693 F.3d at 539). The Court will address each of these requirements in turn.

1. **Numerosity**

In order to satisfy Rule 23(a)(1), a class must be "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). "The reason for [the impracticability] requirement is obvious. Only when joinder is impracticable is there a need for a class action device." *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079 (quoting 1 Herbert B. Newberg & Alba

Conte, *Newberg on Class Actions,* § 3.01, at 3–4 (3d ed. 1992)). There is no strict numerical test for determining impracticability of joinder. *Senter v. Gen. Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976) (and citations therein). Rather, "[t]he numerosity requirement requires examination of the specific facts of each case and imposes no absolute limitations." *General Tel. Co. v. EEOC,* 446 U.S. 318, 330 (1980). When class size reaches substantial proportions, however, the impracticability requirement is usually satisfied by the numbers alone. 1 *Newberg, supra,* § 3.05, at 3–26.

Here, the putative Settlement Class contains 134 persons, "all of whom are readily identifiable from Intrepid's payroll records." [R. 53, Mem. in Supp., at p. 9] Joinder of all these claims would certainly be impracticable. The Court finds that the putative Settlement Class satisfies the Numerosity requirement of Rule 23(a)(1).

**2.  Commonality**

To establish "commonality, the plaintiffs' 'claims must depend on a common contention . . . of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.'" *Young*, 693 F.3d at 542 (quoting *Dukes*, 564 U.S. at 350). As the Sixth Circuit has explained, the Parties "must show that there is a common question that will yield a common answer for the class (to be resolved later at the merits stage), and that that common answer relates to the actual theory of liability in the case." *Rikos*, 799 F.3d at 505.

Here, the Parties set forth many questions of law or fact that are common to the putative Settlement Class:

1. Whether the unpaid activities at issue constituted work activities under Kentucky law;

2. Whether Plaintiffs and the class are entitled to overtime compensation as a result of Intrepid's alleged failure to include unrecorded time in its overtime pay determination;

3. Whether Intrepid acted in good faith with respect to its implementation and use of the challenged pay practices at issue; and

4. Whether Intrepid acted willfully in violating Kentucky wage and hour law.

[R. 53, Mem. in Supp., at p. 9] The parties have satisfied this requirement. Indeed, "there need be only one common question to certify a class." *In re Whirlpool Corp.*, 722 F.3d at 853; *see also Dukes*, 564 U.S. at 359 ("We quite agree that for purposes of Rule 23(a)(2) "'[e]ven a single [common] question'" will do."). The Parties have provided four. These common questions of law and fact satisfy Rule 23(a)(2)'s requirements.

### 3. Typicality

Rule 23(a)(3) requires the Parties to show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). "As the Supreme Court made clear in *Dukes*, '[t]he commonality and typicality requirements of Rule 23(a) tend to merge.' *Rikos*, 799 F.3d at 509 (quoting *Dukes*, 564 U.S. at 349 n.5). Thus, "many courts have found typicality if the claims or defenses of the representatives and the members of the class stem from a single event or a unitary course of conduct, or if they are based on the same legal or remedial theory." *Id.* (quoting 7A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Fed. Prac. & Proc. § 1764 (3d ed. 2005)).

In their motion, the Parties contend that Plaintiff's claims arise out of the same type of factual and legal circumstances surrounding the claims of each Rule 23 Class Member. [R. 53, Mem. in Supp., at p. 10] Specifically, Plaintiff alleges that she and the putative Settlement Class

"were subject to the same pay practices that resulted in [Plaintiff and the class] not being paid the proper amount of overtime, including [sic] . . . travel time and time spent charting for patients at home [that] was not recorded. . ." *Id.* The Plaintiff sets forth the same alleged injury and requests the same remedial theory for all members of the class. Therefore, the Court finds that the typicality requirement in Rule 23(a)(3) is thus satisfied.

### 4. Adequacy

Class representatives must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Court analyzes that requirement using a two-prong test: "'1) [T]he representative must have common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel.'" *In re Am. Med. Sys., Inc.*, 75 F.3d at 1083 (quoting *Senter*, 532 F.2d at 525). In other words, the Court reviews "the adequacy of class representation to determine whether class counsel are qualified, experienced and generally able to conduct the litigation, and to consider whether the class members have interests that are not antagonistic to one another." *Stout v. J.D. Byrider*, 228 F.3d 709, 717 (6th Cir. 2000) (citation omitted).

The Named Plaintiff shares common interests with the unnamed class members here. In her brief, she contends that she "possesses and suffered the same type of injury as the other proposed Rule 23 Class Members." [R. 53, Mem. in Supp., at p. 11] Further, she has prosecuted this matter "diligently through her counsel." *Id.* In addition, Plaintiff's counsel avers that they are experienced representing workers in class and collective action litigation. *Id.* The Court is satisfied that Rule 23(a)(4)'s adequacy requirements and the two-prong test announced by *In re Am. Med. Sys., Inc.* are satisfied here. Therefore, the Court appoints Named Plaintiff Tina Mitcham as Class Representative for settlement purposes only, and appoints her attorneys, David

Garrison and Joshua Frank of Barrett Johnston Martin & Garrison, LLC as Class Counsel for the Rule 23 Class.

5.  **Rule 23(b) Factors – Predominance and Superiority**

The proposed Settlement Class must also meet one of the three requirements in Rule 23(b). Here, the Parties seek certification of the Class under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); [R. 105-1, Pls. Mem. Supp., at p. 17] These are commonly known as the "predominance" and "superiority" requirements.

    a.    **Predominance**

In order to meet the requirement of Rule 23(b)(3) that common issues predominate, the Parties must show that "the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, . . . predominate over those issues that are subject only to individualized proof." *Beattie v. CenturyTel, Inc.,* 511 F.3d 554, 564 (6th Cir. 2007) (quoting *In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 136 (2d Cir. 2001)).

In their Motion, the Parties assert that Defendants' "alleged liability centers around their failure to pay Rule 23 Class Members the proper amount of overtime as a result of unrecorded time spent traveling from patient visit and for time spent charting for patients." [R. 53, Mem. in Supp., at p. 12] Plaintiff alleges that the common issues addressed in Section II.A.2, *supra* will predominate because Plaintiff and the Rule 23 Class Members hold or held the same or similar positions and "are or were paid pursuant to a common policy." *Id.* Accordingly, the Class

Representative has sufficiently established that the predominance requirement of Rule 23(b)(3) is satisfied.

**b.     Superiority**

Rule 23(b)(3)'s final requirement is that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).  The rule is designed to "achieve economies of time, effort, and expense, and promote . . . uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem*, 521 U.S. at 615 (1997) (quoting Fed. R. Civ. P. 23 Advisory Committee Notes).

Plaintiff alleges that superiority is met here since there has been no indication that Class Members seek to individually file suit, that individual litigation is already pending in other forums, or that this forum is undesirable for any reason. [R. 53, Mem. in Supp., at p. 13]  Given the carve out in the Proposed Settlement Class definition of individuals who have already settled claims against Defendants in the case *Paine et al. v. Intrepid U.S.A., Inc.*, No. 3:14-cv-02005 (M.D. Tenn. 2017), the Court is convinced that the Parties have selected the most appropriate forum.

**6.     Ascertainable**

The Court finds that the Proposed Settlement Class is also sufficiently ascertainable. *Rikos*, 799 F.3d at 525.  The 134 members of the putative class are readily identifiable from Intrepid's payroll records. [R. 53, Mem. in Supp., at p. 9]  To determine whether class members are included or excluded from the class, the Parties simply look to these payroll records for the relevant time period and omit persons who have opted out of the class.  These criteria are

sufficiently objective to inform the Court of who is included and who is not following the close of the proposed Notice Period.

For the above reasons, the Court finds that the Class Representative has sufficiently satisfied the requirements of Rule 23(a) and (b). Accordingly, the Court finds that certification of the class for purposes of settlement is appropriate in this case.

## III.     Notice Materials Satisfy the Requirements of Rule 23

Rule 23(e) requires the Court to direct notice "in a reasonable manner to all class members who would be bound by the [proposed settlement] . . ." Fed. R. Civ. P. 23(e)(1)(B). Specifically, "the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B) (discussing Notice requirements for Rule 23(b)(3) classes.); *Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 173 (1974) ("Individual notice must be sent to all class members whose names and addresses may be ascertained through reasonable effort."). "Notice is satisfactory if it generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Bellinghausen v. Tractor Supply Co.*, 303 F.R.D. 611, 624 (N.D. Cal. 2014) (quoting *Churchill Village, L.L.C. v. General Electric*, 361 F.3d 566, 575 (9th Cir. 2004)).

Here, the Parties' proffered Notice Materials meet the requirements of Rule 23. The information in these Notice Materials include: 1) general information about the lawsuit; 2) a basic summary of class action litigation; 3) the purpose of the notice; 4) who is included in the class; 5) who is representing the class as counsel; 6) a breakdown of the terms and benefits of the Rule 23 Settlement; 7) information concerning the Fairness Hearing; 8) how to object; 9) how to opt out; 10) how to examine court records; and 11) how to contact Class Counsel with additional

questions. [R. 53-1, Ex. 1, Settlement Agreement, Ex. F, Notice Materials, at pp. 23-30] The Parties propose that Defendants provide the Claims Administrator with a list in electronic form of the Rule 23 Class, including each individual's last known address, within three (3) business days after the Court preliminarily approves the Rule 23 Settlement, and that within fourteen (14) days after Defendants produce such list with addresses, the Claims Administrator mail to the Rule 23 Class the Notice Materials. [R. 53, Mem. in Supp., at p. 17] Then, the putative members of the Rule 23 Class will have forty-five (45) days after the date the Notice is mailed to consider the proposed Rule 23 Settlement and opt-out of the settlement or submit objections. *Id.* The Parties further propose that, within fourteen (14) days of the Effective Date (defined in the Rule 23 Settlement Agreement), the Claims Administrator will mail a Settlement Claim Postcard to Rule 23 Class Members. *Id.* Then, the Rule 23 Class Members will have forty-five (45) days from the date of the Claim Postcards are mailed to submit their Settlement Claim Postcard.

The Court finds that the Class Notice process outlined above satisfies the requirements of Rule 23, and appoints RG2 Claims Administration to act as the settlement claims administrator. Upon preliminary approval of the Rule 23 Settlement and Attorneys' Fees, RG2 Claims Administration may send the Notice Materials in accordance with the terms of the Parties' Agreement.

### IV. Preliminary Approval of the Settlement Agreement

### A. Overall Structure is Fair and Reasonable

Once a class has been approved, the Court may approve a settlement that will bind class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2) (and list provided therein). "The procedure for approving a class action settlement includes three steps: (1) the court must preliminarily approve the settlement; (2) the

class members must be given notice of the proposed settlement; and (3) the court must hold a hearing to determine whether the proposed settlement is fair, reasonable and adequate. *Thacker v. Chesapeake Appalachia, L.L.C.*, 259 F.R.D. 262, 270 (E.D. Ky. 2009) (citing *Tenn. Ass'n of Health Maint. Orgs., Inc. v. Grier,* 262 F.3d 559, 565–66 (6th Cir. 2001)). Here, the Court is being asked to preliminarily approve the Parties' Rule 23 Settlement.

Concurrently filed with this Opinion and Order, the Court also conditionally approved the Parties' Rule 216(b) Settlement. Now the Parties submit the second part of their settlement for the Court's consideration, the Rule 23 Settlement. Much of the same scrutiny is extended to this settlement, though the Court occupies a new role here. Unlike FLSA settlements, in the context of class actions, the Court must carefully scrutinize the settlement to ensure that it is a fair compromise of claims for those Class Members who have not yet joined in this litigation. Indeed, the Court cannot rely entirely upon the Parties' negotiations alone to determine that the Rule 23 Settlement is appropriate to resolve the entire class' claims. In this context, "the adversarial process . . . extends only to the amounts the Defendant[s] are willing to pay, not the manner in which that amount is *allocated* between the class representatives, class counsel, and unnamed class members." *In re Dry Max Pampers Litig.*, 724 F.3d 713, 717–18 (6th Cir. 2013). This is so because "the economic reality [is] that a settling defendant is concerned only with its total liability . . ." *Id.* (quoting *Strong v. BellSouth Telecomms., Inc.,* 137 F.3d 844, 849 (5th Cir. 1998)) (alterations in original). Therefore, unlike every other kind of case, the Court cannot rely entirely on the adversarial process (settlement negotiations) alone to "protect the interests of the persons most affected by the litigation—namely, the class. Instead, the law relies upon the "fiduciary obligation[s]" of the class representatives and, especially, class counsel, to protect those interests." *Id.* (citing *Creative Montessori Learning Ctrs. v. Ashford Gear LLC,* 662 F.3d

913, 917 (7th Cir.2011)). The Court must therefore carefully scrutinize whether those fiduciary obligations have been met. *Id.* Contrary to Plaintiff's assertions to the contrary, the Court will examine the Rule 23 Settlement under an exacting standard, not a "minimal" one. [R. 53, Mem. in Supp., at p. 14]

As with the Parties' Section 216(b) Settlement, the Court must first determine that the Rule 23 Settlement is "fair, reasonable, and adequate . . ." Fed. R. Civ. P. 23(e)(2). Factors that guide this inquiry include:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.

*Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1093 (6th Cir. 2016) (citing *UAW v. GMC*, 497 F.3d 615, 631 (6th Cir. 2007)). The Court notes that the Parties' Joint Motion does not address these factors for the Rule 23 Settlement at all. Still, it is incumbent upon the Court to analyze the relevant factors before concluding that the settlement is fair and reasonable. *In re Dry Max Pampers Litig.*, 724 F.3d at 717–18; *Redington v. Goodyear Tire & Rubber Co.*, 2008 WL 3981461, at *11 (N.D. Ohio August 22, 2008).

The Rule 23 Settlement calls for a Maximum Settlement Amount of $340,000 from Defendants. [R. 53-1, Ex. 1, Settlement Agreement, at p. 7, ¶ 4.1] The Section 216(b) Settlement for Original Class Members ($23,000) and the Attorney's Fees ($142,500) both draw from this Maximum Settlement Amount, leaving $174,500 left for Rule 23 Class Members. *Id.* at p. 8, ¶¶ 4.2, 4.3, 4.4. Thus, of the global settlement (or the "Maximum Settlement Amount") of $340,000, the Rule 23 Class is awarded roughly 51 percent. Still, the Rule 23 Settlement sum includes "all administration costs, the Service Payment to the Named Plaintiff [($7,000)], employer share of federal, state and local taxes, and mandatory tax payments." *Id.* at ¶ 4.4; 4.5.

Notwithstanding the administration costs and taxes (presumably to structure the entire settlement – including the Rule 216(b) Settlement Class), the Rule 23 Settlement begins at $167,500, after deducting the $7,000 Service Payment to the Named Plaintiff. This amount represents about 49% of the Maximum Settlement. In addition, the Rule 23 Settlement has a "minimum payout threshold" of $69,800. *Id.* at p.9, ¶ 4.4. If enough Class Members opt out of the class, any amount over this number reverts back to the Defendants subject to this minimum threshold. *See id.* If the minimum payout threshold is not met, Defendants shall pay the difference (to meet the threshold) into a charity as a *cy pres* fund. *Id.* The Parties have selected the Kentucky Equal Justice Center (the "Charity") as the *cy pres* award.

> The Parties explain the process for how these class members are paid:
>
> Rule 23 Class Members who timely submit a Settlement Claim Postcard will be paid a *pro rata* share of the Net Rule 23 Class Members Settlement Fund, as defined in the Settlement Agreement, based on gross earnings and number of workweeks worked by the Rule 23 Class Members during the statutory period. Specifically, the settlement amount for each Rule 23 Class Member is determined by taking each Rule 23 Class Members *pro rata* share of the total gross earnings for the Rule 23 Class during the statutory period as well as the *pro rata share* of each Rule 23 Class Member's total weeks worked during the statutory period. Then, fifty percent (50%) of the Net Rule 23 Class Members Settlement Fund is divided among Rule 23 Class Members based on their *pro rata* share based on gross earnings. The other fifty percent (50%) of the Net Rule 23 Class Members Settlement Fund is divided among Rule 23 Class Members based on their *pro rata* share based on weeks worked.

[R. 53, Mem. in Supp., at p. 4; R. 53-1, Ex. 1, Settlement Agreement, at p. 9, ¶ 4.4] The Parties attach a proposed payout to the proposed class as Exhibit I to their brief. This assumes that no individual opts out of the class. The Court finds the above structure appears to be a fair, reasonable, and adequate settlement of the Rule 23 Class. The Court further approves the *cy pres* award and the selected Charity recipient.

B.   **Attorney's Fees**

As referenced in the Court's concurrent Opinion and Order conditionally approving the Parties' Section 216(b) Settlement, the award of attorneys' fees for the prevailing Plaintiff under Section 216(b) of the FLSA is mandatory. *See Fegley v. Higgins*, 19 F.3d 1126, 1134–35 (6th Cir. 1994) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir. 1984)). In class actions, however, the Court analyzes the award of attorneys' fees in two contexts: 1) when assessing the overall reasonableness of the class settlement; and 2) under Fed. R. Civ. P. 23(h). In their briefs, the Parties have moved the Court to approve the award of attorneys' fees under the terms of the Section 216(b) Settlement, but have not addressed the impact this award has on the Rule 23 Settlement. As presented, the Parties' proposed settlements present an issue that must be resolved before the Court can preliminarily approve both settlements.

Because an award of attorneys' fees is treated differently in Section 216(b) than Rule 23, the Court cannot simply apply one set of analysis to the Parties' proposed attorneys' fees for both motions. For instance, while the award of attorneys' fees under Section 216(b) is left largely to the Court's discretion, the award of attorneys' fees in the context of Rule 23 settlements must also present a reasonable figure *in relation to the amount the Rule 23 Class recovers. See, e.g. In re Dry Max Pampers Litig.*, 724 F.3d 713, 718 (6th Cir. 2013) (considering whether settlement gives preferential treatment to both named plaintiffs and class counsel in evaluating overall fairness of a settlement). This is so because "settlement classes create especially lucrative opportunities for putative class attorneys to generate fees for themselves without any effective monitoring by class members who have not yet been apprised of the pendency of the action." *Id.*

(quoting *In re Gen. Motors Corp. Pick–Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 820 (3d Cir. 1995)). As the Sixth Circuit explained *In re Dry Max Pampers Litig.*:

> [T]he danger being that the lawyers might urge a class settlement at a low figure or on a less-than-optimal basis in exchange for red-carpet treatment on fees." *Weinberger v. Great N. Nekoosa Corp.,* 925 F.2d 518, 524 (1st Cir. 1991) . . . Thus, if the "fees are unreasonably high, the likelihood is that the defendant obtained an economically beneficial concession with regard to the merits provisions, in the form of lower monetary payments to class members or less injunctive relief for the class than could otherwise have [been] obtained." *Staton v. Boeing Co.,* 327 F.3d 938, 964 (9th Cir. 2003). Hence the "courts must be particularly vigilant" for "subtle signs that class counsel have allowed pursuit of their own self-interests and that of certain class members to infect the negotiations." *Dennis v. Kellogg Co.,* 697 F.3d 858, 864 (9th Cir. 2012) (internal quotation marks omitted).

*In re Dry Max Pampers Litig.*, 724 F.3d at 718. When juxtaposing the amount recovered by the Rule 23 Class against the amount Class Counsel are being awarded, it is clear further explanation is warranted.

The total recovery to the Rule 23 Class less the Service Fee to the Named Plaintiff is $167,500. [R. 53-1, Ex. 1, Settlement Agreement, at pp. 8-9, ¶¶ 4.4, 4.5] This represents roughly 49 percent of the Maximum Settlement Amount in this case. The proposed Attorneys' Fees and Expenses is $142,500. *Id.* at p. 8, ¶ 4.2. This amount represents roughly 40 percent of the Maximum Settlement Amount in this case. When considered against one another, the proposed Attorneys' Fees and Expenses represents about 85 percent of the total amount the Rule 23 Class Members could recover, notwithstanding the amount that will be subtracted from this settlement for administration costs and taxes. This calculation also presumes that no putative class member opts out of the class.

Additionally, Rule 23(h) provides that "[i]n a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In determining whether a fee request is proper, the Court may

employ either the percentage-of-the-fund ("Common Fund") method or the lodestar method. *Gascho v. Global Fitness Holdings, LLC*, 822 F.3d 269, 278-80 (6th Cir. 2016); *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016) (citing *Fischel v. Equitable Life Assurance Soc'y*, 307 F.3d 997, 1006 (9th Cir. 2002)). "The lodestar method better accounts for the amount of work done, while the percentage of the fund method more accurately reflects the results achieved. *Rawlings v. Prudential-Bache Properties, Inc.*, 9 F.3d 513, 516 (6th Cir. 1993). For Common Fund cases, the Ninth Circuit recognizes a "benchmark" of 25 percent, while the Sixth Circuit has permitted fee awards ranging from 10 to 50 percent. *See Stetson*, 821 F.3d at 1165; *Bowling v. Pfizer, Inc.*, 102 F.3d 777, 780 (6th Cir. 1996) (affirming fee award of 10 percent of $102 million common fund); *Clevenger v. Dillards, Inc.*, No. C-1-02-558, 2007 WL 764291, at *3, (S.D. Ohio March 9, 2007) (finding 29 percent fee to be "modest and ... below what is often awarded by district courts in th[e Sixth] Circuit" and citing various cases in support of that conclusion). Even where, as is the case here, a fee-shifting statute applies, a Common Fund recovery for attorneys' fees may be appropriate. *See Clevenger v. Dillards, Inc.*, No. C-1-02-558, 2007 WL 764291, at *1 (S.D. Ohio Mar. 9, 2007) (citing *Boeing Co. v. Van Gemert,* 444 U.S. 472, 478 (1980) and other references).

Here, the Parties assert that they are entitled to a reasonable award of attorneys' fees pursuant to Section 216(b) of the FLSA. [R. 51, Mem. in Supp., at pp. 12-16] However, they are silent as to the reasonableness of this award under the Rule 23 context. The Parties simply refer the Court to their attorneys' fee analysis in the Section 216(b) Motion. But this briefing only provides the Court with half the picture. There, Plaintiff's counsel include the rates of the attorneys and other professionals involved in this case as well as an overall assessment of the extent of work performed and cost of litigation avoided. *See id.* Still, Plaintiff's counsel have

failed to produce the hours that have been expended to date in performance of these tasks (essential for a lodestar calculation).  Thus, the Court is supplied only with gross figures of the Parties' Settlement.  When viewed against the amount that the Rule 23 Class has recovered and without more, the Court cannot preliminarily approve either settlement.

Therefore, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. The Settlement Class defined in the Parties' Settlement Agreement is **CONDITIONALLY CERTIFIED** for settlement purposes.

2. Plaintiff Tina Mitcham is **APPOINTED** as class representative.  The Service Payment to Plaintiff Tina Mitcham of $7,000 is **PRELIMINARILY APPROVED**.

3. David W. Garrison and Joshua A. Frank of Barrett Johnston Martin & Garrison, LLC are **APPOINTED** as Class Counsel for the Rule 23 Class.

4. RG2 Claims Administration is **APPOINTED** as Settlement Administrator to administer the settlement in accordance with the Settlement Agreement.

5. The proposed Notice Materials are **CONDITIONALLY APPROVED**.  Notice to class members shall proceed as set forth in the parties' settlement agreement pending resolution of the Attorneys' Award Issue.

6. The Parties' Motion for Preliminary Approval of the Rule 23 Settlement, including the *cy pres* award to the Kentucky Equal Justice Center is **CONDITIONALLY APPROVED**.  The Parties are hereby **ORDERED** to submit a joint brief on the issue of the reasonableness of attorneys' fees pursuant to Rule 23 **no later than Monday, June 3, by 5:00 p.m.**  The briefing shall be no greater than five (5) pages in length.

7. Upon a finding of reasonableness of Attorneys' Fees and Costs, the Court will preliminarily approve the Parties' Rule 23 Settlement and will schedule a Final Fairness Hearing at that time.

This the 28th day of May, 2019.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

cc: Counsel of record