UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TINA MITCHAM, On Behalf of Herself )
and All Others Similarly Situated, )
                       )      Civil Action No. 3:17-CV-703-CHB
      Plaintiff, )
                       )
v. )   **ORDER GRANTING MOTION FOR**
                       )     **FINAL APPROVAL OF CLASS**
INTREPID U.S.A., INC., et al., )           **SETTLEMENT**
                       )
      Defendants.

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Parties' Joint Motion for Final Approval of Rule

23 Class Action Settlement ("Joint Motion") [R. 63] and the pertinent materials filed with that

motion.  The Court preliminarily approved the settlement agreement that is the subject of this

motion (the "Agreement") by order entered on June 11, 2019 (the "Preliminary Approval

Order"). [R. 60]  A copy of the Agreement has been filed as Exhibit 1 to the parties'

Memorandum in Support of Joint Motion for Order Preliminarily Approving Rule 23 Class

Action Settlement **[R. 53-1]** and is incorporated in this order by reference.

On September 26, 2019, the Court conducted a hearing (the "Fairness Hearing") for the

purpose of considering the fairness of the Class Settlement Agreement, hearing any objections,

and determining whether to grant final approval. No Class Members attended, and no objections

have been filed, submitted to the attorneys, or received by the Court. The Court has considered

all matters submitted to it at the Fairness Hearing and otherwise, the pleadings on file, the

- 1 -

applicable law, and the record. For good cause shown, and as more fully explained below, the

Joint Motion **[R. 63]** is **GRANTED**. The Court **ORDERS** as follows:

1.     **Final Certification of the Rule 23 Class**: The Court finds that the proposed Rule

23 Class, as defined in the Agreement, meets the requirements of Rule 23(a) and Rule 23(b)(3)

of the Federal Rules of Civil Procedure. Accordingly, for the purposes of settlement, the Court

certifies the Rule 23 Class consisting of the following Class Members:

> All former and current non-exempt home health workers employed by Defendants in the
> position of Licensed Practical Nurse, Physical Therapy Assistant, Certified Occupational
> Therapy Assistant, or Home Health Aide at any of Defendants' Kentucky locations from
> November 22, 2012 to November 13, 2018 to provide in home health care services to
> patients, who performed 20 or more visits during any week within this time period and
> who were paid on a fee per visit basis, but excluding any individuals who entered into the
> settlement in the case, Paine et al. v. Intrepid U.S.A., Inc., No. 3:14- cv-02005 (M.D.
> Tenn. 2017) ("Class Members") and excluding any individual who joined this Action by
> filing a consent form pursuant to 216(b) of the Fair Labor Standards Act ("FLSA").

2.     **Class Representative**: For purposes of settlement, the Court approves the Named

Plaintiff, Tina Mitcham, as the Class Representative.

3.     **Class Counsel**: For the purposes of settlement, the Court appoints as Class

Counsel for the Rule 23 Class David W. Garrison and Joshua A. Frank of Barrett Johnston

Martin & Garrison, LLC.

4.     **Approval of the Agreement**: The Court approves the Agreement and finds that it

is a reasonable compromise of the claims of the Rule 23 Class that was reached by the parties

after extensive discovery and intensive arms-length negotiations with the assistance of an

experienced mediator. The Agreement is fair, just, reasonable and adequate to, and in the best

interest of, the Rule 23 Class. It achieves a definite and certain result for the benefit of the Rule

23 Class that is preferable to continuing litigation in which the Rule 23 Class would necessarily confront substantial risk, uncertainty, delay, and cost. This Order constitutes final approval of the Agreement. The Agreement is binding on the parties to it and on all members of the Rule 23 Class excepting only those individuals, if any, who effectively excluded themselves from the class in accordance with the terms of the Agreement (the "Opt-Outs").

5.      **Notice to the Rule 23 Class**: The Court determines that the Notice Materials were given as required by the Preliminary Approval Order. The Court finds that the notice given of the proposed settlement was the best practical notice under the circumstances and provided all members of the Rule 23 Class desiring to object to the settlement with fair and adequate notice of the terms of the proposed settlement and of the Fairness Hearing. The Court finds that the Notice Materials satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and applicable law. By Declaration of Melissa Baldwin [R. 61-1], the Court has been informed that the Notice of Class Action, Proposed Settlement, and Fairness Hearing (the "Notice Packet") were mailed via U.S. first class mail, to the 134 identified Class Members.  Of those 134 mailings, three of the Notice Packets were returned for which no valid address could be located. Accordingly, 131 of the 134 Class Members presumably received the Notice Packet.  Five Class Members have opted out, and none have filed objections

6.      **CAFA Notice**: The Court hereby finds and concludes that the notice provided by Defendants to the appropriate state and federal officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, fully satisfied the requirements of that statute.

7.      **Release of Claims**: As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), the Class Representative and the Rule 23 Class, excepting the Opt-Outs, are forever barred from bringing or presenting any action or proceeding against any Released Party that involves or asserts any of the Released Claims (as those terms are defined in the Agreement). The Class Representative and the Rule 23 Class, excepting the Opt-Outs, are deemed to have released and forever discharged the Released Parties from all Released Claims.

8.      **Dismissal with Prejudice**: All claims in this action are dismissed with prejudice and without costs against Defendants.

9.      **Dispute Resolution**: Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

10.     **Non-Admission**: This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damage whatsoever.

11.     **Order for Settlement Purposes**: The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the certification of any contested class or subclass in any other action.

12.     **Use of Agreement and Ancillary Items**: Neither the Agreement nor any ancillary documents, actions, statements, or filings in furtherance of settlement (including

- 4 -

matters associated with the mediation) will be admissible or offered into evidence in any action related or similar to this one for the purpose of establishing or supporting any claims that were raised or could have been raised in this action or are similar to such claims.

This the 27th day of September, 2019.

*Claria Horn Boom*

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY

Court Reporter:  Becky Boyd
Time:  00/35

cc:      Counsel of record

- 5 -